## Coven v. Coven.

*Divorce—Suit by minor wife—Necessity of next friend—Who should make the affidavit.*

1. A minor wife suing for divorce must exhibit her libel by her guardian or next friend in order that there may be some one appearing of record who can be held responsible for costs.

2. But the wife herself is the proper person in such case to make the affidavit prescribed by the Act of March 13, 1815, 6 Sm. Laws, 286, and its amendments, negativing collusion between the husband and wife, and averring that the complaint is made, not out of levity, but in sincerity and truth, and the absence of any such affidavit made by the wife is a fatal defect.

Divorce. C. P. Washington Co., Feb. T., 1921, No. 322.

Before Brownson, P. J., and Cummins, J.

*Hugh E. Fergus*, for libellant.

BROWNSON, P. J., April 28, 1925.—Florence Sisley Coven, a minor, by Meleta Sisley, her mother and next friend, sued for a divorce from her husband, Harry Andrew Coven, upon the ground of desertion. The affidavit appended to the libel was made by Meleta Sisley. Thereby she deposed that the averments of fact in the libel "are true to the best of her knowledge and

Coven *v.* Coven.

belief, and that the complaint is not made out of levity or by collusion between the said Florence Sisley Coven, the libellant, and the said Harry Andrew Coven, the respondent, but in sincerity and truth for the cause mentioned in the libel." The respondent was not served except by publication. The master came to the conclusion that the libel is fatally defective, for the reason that this affidavit was not made by the minor libellant herself, and that the court has no jurisdiction to grant a divorce thereon.

At common law, a married woman was under a disability to sue alone in her own name; and the Divorce Act of March 13, 1815, § 2, 6 Sm. Laws, 286, in providing how divorces should be applied for, enacted that "the wife, by her next friend, may exhibit . . . her petition or libel to the judges," etc. The Act of June 11, 1879, P. L. 126, empowered a deserted wife to bring suit "against her husband, or any other person or persons, without the assistance or intervention of a trustee or next friend, . . . in same manner and with like effect as if she were sole and unmarried," and by subsequent legislation married women were given general capacity to "sue and be sued civilly in all respects and in any form of action and with the same effect and results and consequences as an unmarried person:" Act of June 8, 1893, § 3, P. L. 344, amended March 27, 1913, P. L. 14. The disability created by marriage having thus been removed, the provision in section 2 of the Act of 1815, requiring in all cases the appearance of a next friend for a wife who sues for divorce, has been dropped out in subsequent amendments thereof: See Act of May 8, 1919, P. L. 164.

But minority also gives rise to a disability, and a minor bringing a suit must appear either by a guardian or a next friend. In Speicher *v.* Speicher, 67 Pitts. L. J. 696, it was said that the Act of 1879 aforesaid had the effect of empowering a deserted minor wife to sue without a next friend; but we do not so understand the act. In our view, it, like the Act of 1893, was intended to do away with the disability of marriage, but did not affect the disability of infancy. The intervention of a next friend in the present case was, therefore, not only proper but necessary.

The occasion for the rule requiring a next friend to appear for a minor plaintiff is that there may be upon the record some one, *sui juris*, who can be held answerable for costs if the action fail: Heft *v.* McGill, 3 Pa. 256, 264; Mitchell *v.* Spaulding, 206 Pa. 220, 224; Manning *v.* Baylinson, 68 Pa. Superior Ct. 512, 514. But the minor plaintiff, appearing by next friend, is the real party. Under the Divorce Act of 1815 and its amendments, it is "the husband or the wife" who may exhibit "his or her petition or libel," and if the wife, being a minor, exhibits her libel by a next friend, it is still her libel. The affidavit which the act prescribes and requires is manifestly intended to be made by the party whose libel it must accompany—by the husband or wife, as the case may be. This intent is manifested, not only by the general tenor of the act, but also by the precise nature of the affidavit. How can a next friend make a positive oath that there has been no collusion "between the said husband and wife," and that the complaint is made, not out of levity, but in sincerity and truth? The complaint is that of the wife and not of the next friend. What would such an oath be worth? This is the view of the matter that was taken by a subsequent legislature; the act empowering "any relative or next friend" to act on behalf of an insane wife in filing a libel expressly and specially provided that "the affidavit required by the act concerning divorces may be made . . . by such relative or next friend." And we think this has been the general understanding of the profession, and that it has been the practice to have the wife make the affidavit. See, as an illustration,

Coven v. Coven.

Richardson v. Richardson, 8 Dist. R. 242. We are satisfied that this affidavit is not in conformity with the act, because not made by the right party.

Is this, as the master concluded, a defect which goes to the jurisdiction? It has been held that if the affidavit does not contain the substance of the averments which the statute says it must contain, the libel is fatally defective: Hoffman v. Hoffman, 30 Pa. 417, 420; Roberts v. Roberts, 5 Kulp, 528; Fritzinger v. Fritzinger, 5 Kulp, 507. And if this be so, then *pari ratione*, the absence of any oath made by the party whose oath is required is equally fatal. See Wanamaker v. Wanamaker, 2 Pears. 166, where the fact that the affidavit was apparently made by a person other than the applicant for the divorce was said to be a fatal defect in a case where there was no personal service or appearance of the respondent, and nothing to show that this was a clerical error.

While reluctant to do so, we think we shall have to dismiss the libel for want of jurisdiction.

And now, April 28, 1925, the libel is dismissed, without prejudice, for want of jurisdiction by reason of a fatal defect in the affidavit.

From E. E. Crumrine, Washington, Pa.