## Harrison v. Harrison et al.

*J. Montgomery Forster,* for plaintiff; *John R. K. Scott,* for defendants.

GABLE, J., December 4, 1931.—This is a bill in equity filed by Nancy Ashbridge Harrison, a minor, by her father and next friend, George Ashbridge, Jr., against her husband, Mitchell Harrison, Jr., and the Corn Exchange National

Bank and Trust Company, trustee for Mitchell Harrison, Jr., under the Act of May 23, 1907, P. L. 227, and its amendments, to recover support from her husband, who, the plaintiff alleged and the court finds from the evidence, deserted her at Red Bank, New Jersey, December 31, 1928. The defendant, Mitchell Harrison, Jr., at the time of the filing of the bill was not a resident of Pennsylvania, but the property sought to be attached is within this Commonwealth in the custody of the Corn Exchange National Bank and Trust Company, trustee.

The question has been raised as to the right of the court to take jurisdiction in this proceeding. The court finds no difficulty in disposing of this question and in assuming jurisdiction. The Act of May 23, 1907, P. L. 227, and its supplements, under which the bill was filed, was passed for the purpose of enlarging the rights and remedies of married women in case of desertion or nonsupport by their husbands. As the law now stands under these acts, a deserted wife may secure redress against a delinquent husband who is not a resident of the Commonwealth, but who has property within its borders.

The Act of July 12, 1913, P. L. 711, confers upon the Municipal Court of Philadelphia exclusive jurisdiction in all proceedings brought against any husband or father wherein it is charged that he has, without reasonable cause, separated himself from his wife or children. Under this act the jurisdiction of the Municipal Court of Philadelphia in the present case is clear. Pursuant to the provisions of the Municipal Court Act, the Board of Judges of our court duly organized a Domestic Relations Division which has been located since January, 1917, at 223 North Twenty-first Street, Philadelphia, for the hearing of all desertion and abandonment cases. Bills in equity, under the Act of May 23, 1907, P. L. 227, as has been done in the instant case, should be filed on the civil side of our court, in order that they may be indexed by the clerk. They will then be assigned for hearing and decision to the domestic relations branch of our court.

This defendant also raised the question as to the sufficiency of the bill being brought in behalf of the minor plaintiff by her father and next friend, George Ashbridge, Jr., instead of by a guardian ad litem. The court finds that the suit is properly brought in the name of the father and next friend and that the appointment of a guardian ad litem is not essential: Manning v. Baylinson, 68 Pa. Superior Ct. 512.

The defendant questioned the jurisdiction in this proceeding by reason of the fact that a warrant of seizure between the same parties had been issued out of the Domestic Relations Division of our court (No. 79435), prior to the filing of the present bill in equity. This proceeding, however, was dismissed by the court for lack of jurisdiction, after hearing, in pursuance of the withdrawal of the proceeding in a letter filed by counsel for the plaintiff. There was, therefore, no determination upon the merits of the question involved in the present proceeding and the contention here by the defendant that the matter is res adjudicata cannot be sustained.

The court sitting as a chancellor, after hearing upon the amended bill, the answer thereto and proofs, finds that the plaintiff, Nancy Ashbridge Harrison, and the defendant, Mitchell Harrison, Jr., were duly married; and that the defendant, Mitchell Harrison, Jr., deserted his wife without just cause and has failed to provide for her support, being of sufficient means to do so; that the Corn Exchange National Bank and Trust Company, trustee for Mitchell Harrison, Jr., the said codefendant, has in its possession the custody and control of securities and moneys to the sum of $28,000 which it holds for the benefit of the said Mitchell Harrison, Jr., under the provisions of an agreement executed by the said Mitchell Harrison, Jr., under date of Octo-

ber 30, 1928, which is set forth in the bill filed and admitted by the answers. This settlement, which is in form a spendthrift trust, made by the settlor for his own benefit, is subject to the demands of the deserted wife for her proper support.

The court hereby orders and directs the defendant, Mitchell Harrison, Jr., to pay unto the clerk of the municipal court for the maintenance and support of the plaintiff, Nancy Ashbridge Harrison, the sum of $25 weekly; and directs the Corn Exchange National Bank and Trust Company to set aside $14,000 in cash and securities now held by it under the trust agreement above mentioned, being fifty per cent. of the amount thereof, for the payment of the foregoing order for the support of the said wife, Nancy Ashbridge Harrison, the plaintiff herein, and to pay therefrom out of the income and principal the sum of $25 weekly until the further order of the court.

Further, that the said Corn Exchange National Bank and Trust Company be restrained from paying out any of the principal moneys or securities in excess of the said sum of $28,000 which may now be in its possession and control, or may hereafter come within its possession and control by virtue of the deed of trust dated October 30, 1928, made by said Mitchell Harrison, Jr., as above referred to, without the further order of this court.