## Elkins' Estate

H. Lester Haws and G. Ruhland Rebmann, for petitioner.

Aaron S. Swartz, Jr., and Boyd Lee Spahr, contra.

HOLLAND, P. J., September 17, 1932.—The petition of Katheryn Marie Louise Ashley Felton Elkins, by her next friend, George B. Clothier, was filed July 1,

1931, setting out grounds upon which she alleged that the adjudication confirmed May 30, 1925, upon the account of the trustees, Sidney F. Tyler and The Real Estate-Land Title and Trust Company, and the decree discharging the said Sidney F. Tyler as trustee of the above-mentioned trust (which decree is referred to in the petition), should be opened and reviewed, and praying for a citation upon said trustees to show cause why the said adjudication and said decree should not be opened and reviewed. Said respondents filed an answer August 18, 1931, in which they pleaded the limitation of actions provided in section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447.

The petition having been filed over 1 year in excess of 5 years after the confirmation of said adjudication and said decree, the court insisted that the question of the application of this statute of limitations should be argued preliminarily to a consideration of the merits of the petition.

This preliminary argument was had November 16, 1931, and briefs submitted. At the argument there was filed a stipulation of counsel agreeing upon the facts applicable to the preliminary argument.

By reference to paragraph 6 of the said stipulation it will be found that Claude A. Simpler was appointed guardian ad litem for petitioner December 31, 1920, for the purpose of representing the minor in the proceedings relative to the audit of the account of George W. Elkins and Kate Felton Elkins, trustees under the will of William L. Elkins, Jr. (the son of William L. Elkins).

At the audit of the account of the trust under the William L. Elkins estate on May 30, 1925, said Claude A. Simpler, without any further appointment as guardian ad litem for that particular proceeding, voluntarily entered his appearance as such, approved the account as stated and agreed to its confirmation, and also agreed to the discharge of said Sidney F. Tyler. He presumably took this action upon the supposition that, having been appointed guardian ad litem for an audit in the William L. Elkins, Jr., estate, his authority carried over to act as guardian ad litem in this trust under the William L. Elkins estate. The court recognized him as such and so found in the adjudication of May 30, 1925, the same having been averred in the accountants' petition for distribution. A like averment was in the petition for the discharge of Tyler.

The contentions of the petitioner are: (1) That Simpler was appointed guardian ad litem for a proceeding in the estate of William L. Elkins, Jr., and his authority was limited to that proceeding; (2) that, not having been appointed as guardian ad litem in the proceeding in the estate of William L. Elkins, Sr., now under consideration, he had no authority to act as such and the former appointment in the other proceeding in the other estate did not give him such authority; (3) that this minor, not having been properly represented at the audit of the account of May 1925 in the William L. Elkins, Sr., trust, is not bound by the adjudication thereon; (4) that it can be reviewed after 5 years as to her rights because no statute of limitations runs against a minor and does not start to run until after she reaches her majority.

In support of the first two contentions petitioner cites Anderson's Dictionary, 498, and Woerner, American Law of Guardianship 71, sec. 22, as to the definition of and limitations of a guardian ad litem, and section 59(k) of the Fiduciaries Act of 1917, P. L. 447 (amended by section 1, Act of May 6, 1931, P. L. 98), as the authority under which guardians ad litem are appointed. See, also, Turner v. Patridge, 3 P. & W. 172 (1831), and Reilly's Estate, 36 Pa. C. C. 122.

But it is scarcely necessary to cite authority for such a fundamental principle. We hold it to be settled beyond any question that a guardian ad litem can only be appointed by the court before which the proceeding necessitating the appointment is pending and the appointment is for that proceeding only. The

duties and obligations of guardians ad litem cease at the conclusion of the judicial disposition of that particular proceeding. There is no such fiduciary capacity as a general guardian ad litem for any or all litigation in which the minor's rights might be involved. Such a function can only be performed by a guardian of the estate of the minor duly appointed, constituted and qualified according to law. It follows, therefore, that the minor is right in her first two contentions.

It is apparent that this court in its adjudication, following the petition for distribution in the one incident, and the petition for discharge of Tyler in the other incident, took the averment therein to mean that Simpler had been appointed guardian ad litem for those two respective and particular proceedings, which we now know was not true in fact. We, therefore, in the adjudication found as a fact that which we now know to be incorrect and acted upon the same misunderstanding in our action upon the petition for discharge of Tyler. In neither incident could our action have had the legal effect of constituting Simpler guardian ad litem for either proceeding.

Having arrived at the conclusion that we have as to the first two contentions, it follows that the first part of the third contention is correct, namely, that petitioner was not represented at the audit in question. The law requires that all persons interested shall have notice of the audit by publication by the register, specifically provided by statute, which notice was no doubt given. But in the case of this minor, she having neither a guardian of her estate or a guardian ad litem for the particular proceeding, there was no one who was bound by the notice and therefore she was not represented at the audit. In support of the second part of the third contention, that the petitioner is therefore not bound by the adjudication, she cites Stetson's Estate, 305 Pa. 62 (1931), to the effect that section 48 of the Fiduciaries Act of 1917 must be regarded as and applied as a statute of limitations, and that all exceptions to the application of a statute of limitations apply to it. She also cites Rost's Estate, 14 Lanc. L. Rev. 78 (1897); White's Estate, 163 Pa. 388 (1894); Groff's Appeal, 45 Pa. 379 (1863); Jenning's Estate, 11 Dist. R. 303 (1902). We conclude that petitioner was not bound conclusively by the said adjudication or said decree of discharge of Tyler as to any matter that she could have raised upon the consideration of said proceedings.

We are also in accord with petitioner's fourth contention that a statute of limitations does not run against a minor and does not start to run until after she reaches her majority. Section 48 of the Fiduciaries Act is a statute of limitations and is no exception to this rule. In support of this principle petitioner cited Rost's Estate, 14 Lanc. L. Rev. 78 (1897), Swain et al. v. The Fidelity Ins., Trust & S. D. Co., 54 Pa. 455 (1867), and Fassitt v. Seip, 249 Pa. 576 (1915).

This petitioner being still in her minority, she is not affected by section 48 of the Fiduciaries Act and is entitled to a review as to her rights if she can show grounds therefor; notwithstanding the lapse of more than 5 years. The review will be granted as prayed for, provided that there are sufficient and meritorious grounds set out in the petition and sustained by the petitioner. The petitioner and respondents will be directed to offer argument as if a demurrer had been filed by the respondents as to all the averments of fact in the petition in order to give the court an opportunity to adjudge the sufficiency of the petition.

And now, September 17, 1932, it is ordered and decreed that a further argument be held upon the petition as though a demurrer had been filed by the respondents to all the averments of fact in the petition, with leave to both petitioner and respondents to have a further hearing to adduce evidence in support

of the averments in petition and answer in the event the court finds that the petition sets out a cause of action; said argument to be held at a time to be agreed upon by counsel.