## Young ·v. Findley

*Harry L. Lightstone*, for plaintiff.
*John B. McGurl*, for defendant.

Houck, P. J., February 28, 1938.—Summons in trespass was issued on July 2, 1935, returnable the second Monday of September, and a return of personal service was made. Plaintiff is the widow of John E. Young, and she sued to recover damages for his death, alleging in the statement of claim that defendant, Charles Findley, was the owner of a commercial motor vehicle; that this vehicle, on January 31, 1935, was being driven between Schuylkill Haven and Pottsville under the charge, custody, and control of defendant through his servant, agent, or employe, and that it was being operated and used in defendant's business; and that defendant's truck was negligently operated so that it collided with plaintiff's husband, inflicting injuries which caused death. No appearance was entered for defendant, nor did he file any pleadings. On October 28, 1935, judgment was entered against defendant for default of appearance. Later, on November 20, 1935, the question of damages was referred to a jury, which rendered a verdict for plaintiff, on which judgment was entered against defendant.

On March 2, 1936, Charles Findley, by his father, C. E. Findley, and his mother as next friends, presented a petition alleging that the summons and statement of claim were served on Charles Findley; that he owned the motor vehicle and was operating it in his business at the time of the accident; and that he, Charles Findley, was a minor, having been born on April 9, 1915. On this petition a rule issued to strike off the judgment. The rule was discharged because of absence of irregularity on the face of the record. Subsequently, Charles Findley, whose son bears the same name, filed a petition to open the judgment alleging that service was had on the son, but that his, the father's, goods were seized in execution. Since it appeared from the petition itself that Charles Findley, Sr., was not a party to the judgment, his rule to open the judgment was discharged in an opinion filed on March 1, 1937. In the meantime, on January 7, 1937, Charles Findley,

Jr., presented a petition alleging again that he was the owner of the motor vehicle; that he was driving it in his business at the time of the accident; that he was served with the summons and statement of claim; that judgment was entered against him; that he was a minor when the verdict and judgment were obtained; and that he did not reach his majority until April 9, 1936. On this petition a rule was granted on plaintiff to show cause why the judgment should not be opened. Plaintiff moved to quash the petition and rule on the ground that the petition does not aver any just cause for opening the judgment, and that it does not aver any facts which show that petitioner has any interest in the judgment sought to be opened. This is the motion now before us for disposition.

The case at this stage presents a very narrow question. According to the petition, Charles Findley, Jr., who is the petitioner, is the defendant in the action. If this be true, he, and he alone, has standing to move for opening the judgment. If he was a minor when the verdict and judgment were obtained against him, since he was not at the time represented by a guardian, then the judgment is voidable, if not void, and should be opened: Manning v. Baylinson, 68 Pa. Superior Ct. 512; Camera & Radio Shop v. Zalewske, 102 Pa. Superior Ct. 562; Guilian v. Grover, 9 D. & C. 62.

Plaintiff contends that the record establishes that Charles Findley, Sr., is the defendant; this, on the ground that the statement of claim alleged that the motor vehicle was owned by Charles Findley, defendant, and at the time of the accident was being operated and used in defendant's business by his servant, agent, or employe, and that these facts became established by defendant's failure to file an affidavit of defense. This is a non sequitur. If Charles Findley, Sr., was the defendant and service had been made on him, his failure to file an affidavit of defense would preclude him now. But if Charles Findley, Jr., was the defendant, and if service was made on him,

facts which are alleged in the petition now being considered, his failure to file an affidavit of defense could not be used against him if he was a minor, and certainly any admissions made by him would not be binding on his father who was not a party on the record.

The confusion and delay which has arisen in this case can best be ended by having the facts developed and the defendant's identity established. However that may be, we would not be warranted in quashing the rule, inasmuch as it appears from the petition to open the judgment that the petitioner is the defendant and that he was a minor when the judgment was entered against him.

And now, February 28, 1938, plaintiff's motion to quash the petition and rule to open the judgment is overruled, and plaintiff is allowed 15 days from this date in which to file an answer to the rule.