## Swain and Abell *versus* The Fidelity Insurance, Trust and Safe Deposit Company.

1. It is a rule in equity not to enforce performance of a contract in favor of a vendor of real estate, if he cannot offer a marketable title beyond reasonable doubt.

2. An infant can appear only by guardian; an appearance for an infant at the instance of his mother as next friend is irregular.

3. Where service in partition has been made by notice to the next of kin of an infant under fourteen or to the minor, if over fourteen, no further proceedings can be taken until the plaintiff has applied for the appointment of a guardian for him.

4. Service upon the next of kin or the minor over fourteen is so imperfect that the plaintiff cannot take judgment by default, or any rule in the action.

5. Judgment in partition where minor defendants over fourteen were not served personally and where no guardians had been appointed for minors under or over fourteen, may be reversed by the minors after reaching age, and a title under the proceedings cannot be specifically enforced by a vendor.

March 2d 1867.   Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ.   READ, J., sick.

Appeal from the decree of the Supreme Court at Nisi Prius.

This was a bill by William M. Swain and Arunah S. Abell, against The Fidelity Insurance, Trust and Safe Deposit Company, brought in November 1866.

The bill was for the specific performance of a contract, dated the 4th of October 1866, by which the plaintiffs agreed forthwith to convey to the defendants "in fee simple a good and sufficient title, clear of all incumbrances," to a lot and building, 311 Chestnut street, Philadelphia, for the consideration of $85,000.

The answer admitted the contract, but alleged that the complainants could not make a good title for the premises, clear of encumbrance.

At the hearing, the bill was referred to a master, who reported, "That, on the 21st day of May 1847, William M. Swain, Arunah S. Abell, and Azariah H. Simmons were the owners in fee as tenants in common of the premises in question: that Simmons died about the 9th day of December 1855, having first made his will, by which, after the bequest of certain legacies, he devised the residue of his estate to his children, namely: Thomas Edgar Simmons (the child of Caroline Simmons), Charles Franklin Simmons and William Henry Simmons (children of Mary Simmons), Albert H. Simmons and Frank V. Simmons (children of Frances Ettling), in equal shares, in fee; and he appointed the said Frances Ettling guardian of the two minors last named; and declared that the profits of the said children's estate should be applied by her, as she should think proper, without any accountability, until they should attain the age of twenty-one years; and if either, or both, should die before

that age, then such dying child's share should vest in the said Frances Ettling, in fee." He appointed Arunah S. Abell, William M. Swain and William P. Preston, his executors, and gave them "all the power, legal and equitable, which may be necessary for the purpose of carrying into full effect the trust reposed in them, and of enabling them to make all conveyances, execute all deeds and other instruments, and do whatever else may be necessary for the purpose of carrying this will into full legal and equitable execution."

Before the suit in partition, hereafter mentioned, F. V. Simmons died, under twenty-one years, and his share vested in his mother, Frances Ettling.

To March Term 1859 of the District Court of Philadelphia, Arunah S. Abell sued out a summons, in partition, against William M. Swain, Arunah S. Abell and William P. Preston, executors, &c., of Azariah H. Simmons, William M. Swain, in his own right; T. E. Simmons, by his mother and next friend Nancy C. Simmons; C. F. Simmons and W. H. Simmons, by their mother and next friend Mary Simmons; and A. H. Simmons, by his mother and next friend Frances Ettling, and Frances Ettling in her own right; C. F. Simmons, W. H. Simmons, and A. H. Simmons being then minors under the age of fourteen years, and T. E. Simmons being a minor, above fourteen years, neither of them having guardians.

The summons was not served by the sheriff upon any of the said parties; but service was accepted as follows: by Henry M. Phillips, Esq., attorney for T. E. Simmons by his mother and next friend Mary C. Simmons; for A. H. Simmons, by his mother and next friend Frances Ettling; for Frances Ettling; by William M. Swain, for himself and for the executors of the will of Azariah Simmons; and by Mary Simmons, as mother and next friend of C. F. and W. H. Simmons.

The defendants, Mary Simmons, as mother and next friend of C. F. and W. H. Simmons; Frances Ettling, for herself and as mother and next friend of A. H. Simmons; and Nancy C. Simmons, mother and next friend of T. E. Simmons, by their attorney, Henry M. Phillips, Esq.; and W. M. Swain, for himself and for the executors of Simmons, entered pleas of confession.

On the 26th March 1859, a judgment *quod partitio fiat* was entered; and in due course a *breve de partitione facienda*, to which the sheriff returned that the premises could not be parted and divided, and that the same was valued by the inquest at $100,000. The parties declined to take the premises at the valuation, and on the 7th day of November 1859, an order of sale was issued, and they were sold to William M. Swain and Arunah S. Abell for $46,600, which was the full value at the time of the sale.

[Swain v. Fidelity Insurance Co.]

The purchase-money was distributed by the sheriff to William M. Swain; to A. S. Abell; to Mary Simmons, as widow of Azariah H. Simmons; C. F. Simmons and W. H. Simmons, minor children of A. H. Simmons, by their attorney, Samuel Hood, Esq.; to Frances Ettling, guardian of A. H. Simmons; T. E. Simmons and Frances Ettling, by their attorney, H. M. Phillips, Esq.

In January 1860, the Orphans' Court of Philadelphia appointed Mary Simmons guardian for C. F. Simmons and W. H. Simmons, and their share of the purchase-money was paid to her. T. E. Simmons is now of age, and it was in evidence that he had admitted that he had received his share of the proceeds of the sale shortly after he became of age.

William M. Swain and Arunah S. Abell have been in possession of the premises ever since the sale and conveyance by the sheriff to them.

The objections made to the sufficiency of the title were:

1. That the complainants were executors and trustees under the will of Azariah H. Simmons, and were therefore not competent to purchase the premises at the sale made by the sheriff under the proceedings in partition, especially as the purchase seems to have been made for an inadequate price.

2. That the minor children of Azariah H. Simmons were not parties to the suit in partition, no guardians *ad litem* having been appointed, nor others, either by testamentary appointment or by the Orphans' Court.

The master reported in conclusion that the complainants were able to make a good title in fee to the premises.

The report was confirmed *pro formâ* at Nisi Prius, and a decree entered for the complainants, from which the defendants appealed.

*H. Wharton*, for appellants, cited Fry on the Specific Performance of Contracts; Dalzell *v.* Crawford, 1 Pars. R. 57; Gans *v.* Renshaw, 2 Barr 35; Pyke *v.* Waddingham, 10 Hare 1; Roscoe on Real Actions 146, 168, &c.; Acts of 1700, Brad. Ed. Laws of 1728, 225; 1724, 1 Sm. Laws 164, § 1; 1722, 1 Id. 143; 1728, Brad. Ed. of 1728, 335; 1807, § 3, 3 Sm. Laws 398; June 13th 1836, §§ 82, 83, 84, Purd. 39, pl. 5, 6, 7; Pamph. L. 587; Brown *v.* Sceggels, 2 Foster 548; Intestate Act of 1833, § 9, Purd. 564, pl. 27, Pamph L. 318; Emes *v.* Brown, Sup. Ct., June 1854, 1 Am. Law Reg. 634; Ward *v.* Paul, 2 Bro. Ch. 583; Ex parte Pye, 18 Ves. 153; Vanartsdalen *v.* Vanartsdalen, 2 Harris 384; Simpson *v.* Simpson, Cro. Jac. 640; Bac. Abr. *Infancy* K, 2; Rawling's Case, 4 Cro. 53 b, 54 a; Rogers *v.* McLean, 21 Barb. 304; Colton *v.* Smith, 11 Pick. 315; Zimmerman *v.* Rapp, 20 Wend. 100; Burhans *v.* Burhans, 2 Barb. Ch. 398; Howe *v.* Blandan, 21 Verm. 315; Dorn *v.* Beasley, Rich. Eq. 84; Platt *v.* Stewart, 10 Mich. 260; Harlan *v.* Stout,

[Swain *v.* Fidelity Insurance Co.]

22 Ind. 488; Denning *v.* Corwin, 11 Wend. 65; Castle *v.* Matthews, Hill & Denio 438; Gallatian *v.* Cunningham, 8 Cowen 362; Glidden *v.* Strupler, 2 P. F. Smith 400; Simons *v.* Simons, 1 Miles 404.

*J. E. Gowen* and *S. Hood,* for appellees, cited Acts of June 13th 1836, §§ 79, 82, 83, Purd. 39, pl. 1, 5, 6, Pamph. L. 507; April 7th 1807, § 1, Purd. 770, pl. 6, 4 Sm. L. 398; Bingham on Inf. 118, n. 1; Apthorp *v.* Backus, Kirby's R. 407 (Conn.); 5 Com. Dig. 573; Styles Pr. Reg. 265; Rawlin's Case, 4 Rep. 52; Stratton *v.* Burgis, 1 Strange 114; 1 Crompton's Pr. 158; Archer *v.* Frowde, 1 Strange 304; Heft *v.* McGill, 2 Barr 264; Turner *v.* Partridge, 3 Penna. R. 173; White *v.* Alburton, 3 Dev. 241; Hamilton *v.* Foster, 1 Brevard's R. 464; Smith *-v.* Bradley, 6 Smedes & Marsh. 485; Runyan *v.* India Rubber Co., 4 Zabr. 476, 3 Harrison 74; Pittinger *v.* Pittinger, 2 Green. Ch. R. 156; Althouse *v.* Radd, 3 Bosw. 410; Millican *v.* Millican, 24 Tex. 426; Payne *v.* Benham, 16 Id. 364; Stock *v.* Middleton, 4 Dutcher 32; 1 Tidd's Pr. 90; Foot *v.* Stevens, 17 Wend. 483; Hart *v.* Seixas, 21 Id. 40; Co. Litt. 232 b.; Mellish *v.* Richardson, 9 Bing. 125; Colton *v.* Smith, 11 Pick. 315; Zimmerman *v.* Rapp, 20 Wend. 100; Burhans *v.* Burhans, 2 Barb. Ch. R. 398; Howe *v.* Blanden, 2 Verm. 315; Brown *v.* Sceggels, 2 Foster 548; Dorn *v.* Beasly, 7 Rich. Eq. R. 84; Platt *v.* Stewart, 10 Mich. 260; Denning *v.* Corwin, 11 Wend. 647; Castle *v.* Matthews, Hill & Denio's R. 438; Harlan *v.* Stout, 22 Ind. 488; Rogers *v.* McLean, 31 Barb. 304; Dalton *v.* State, 6 Blackf. 357; Rex *v.* Venables, 1 Strange 630; s. c. 2 Ld. Raym. 1405; Rex *v.* Cleg, 1 Strange 475; Nares on Conv. 10; Rex *v.* Clayton, 3 East 61; Brown *v.* Wood, 17 Mass. R. 68; 21 Wend. 48; Allnatt on Part. 29; 64 Co. Litt. 171 a.; Ralston *v.* Lahee, 8 Clarke (Iowa) 17; Cavender *v.* Smith, 5 Id. 157; Jack *v.* Davis, 29 Geo. 219; Medith *v.* Sanders, 2 Bibb 101; Doe *v.* Brown, 8 Blackf. 443; Miller on Part. 213, 214; Sliver *v.* Shelback, 1 Dall. R. 165; Regan's Estate, 7 Watts 438; Thompson *v.* Phillips, Baldwin 372; Fellows *v.* Niver, 18 Wend. 563; Am. Ins. Co. *v.* Oakley, 9 Paige 496; Rowley *v.* Stoddard, 7 Johns. 207; Com. Dig. tit. *Attorney* B., 7; Oades *v.* Woodward, 1 Salk. 88; Alleley *v.* Colley, Cro. Jac. 695; Lorymer *v.* Hollister, 1 Str. 693; McCullough *v.* Guetner, 1 Binn. 214; Reinholdt *v.* Alberti, Id. 469.

The opinion of the court was delivered, May 27th 1867, by

AGNEW, J.—It is a well-settled rule in equity not to enforce specific performance of a contract in favor of a vendor of real estate unless he is able to offer a marketable title which is beyond reasonable uncertainty.

[Swain *v.* Fidelity Insurance Co.]

The title of the plaintiffs in this case is founded in a proceeding in partition which is clearly irregular, though not perhaps void. But the irregularity in the proceeding was one affecting the title of minors, to whom a period of five years is allowed after their arrival at full age, before they are bound by limitation from taking a writ of error: Bright. Purd. 1861, p. 410, pl. 7. The proceedings in partition, in this case, are liable to reversal, while the minors who are not parties to this bill would not be bound by any judgment we might now give. Were we therefore to decree specific performance against the defendants, compelling them to take a title defeasible by a reversal for errors manifest in the record of the partition, we should do them gross injustice.

No service was made upon any of the minors, according to the provisions of the Act of 13th June 1836. Mr. Phillips appeared (as the record shows) at the instance of the mother as the next friend of some of them. This itself was an irregularity. An infant can appear only by guardian. No guardians *ad litem* were appointed by the court as the act requires. Even where service has been duly made upon the minor under fourteen years of age, by notice of the writ to his next of kin, and upon the minor over fourteen by service upon himself, yet no further proceeding can be taken in the cause until the plaintiff has made application to the court for the appointment of a guardian of the minor. The service upon the next of kin, or upon the minor over fourteen is so imperfect the plaintiff cannot take judgment by default, or any rule in the action: Act 13th June 1836, § 83, clause 3d, &c. The answer made to this is, that we may presume that the court did appoint guardians, not by name, it is true, but by suffering the proceedings to go on in the names of the next of kin, who were therefore substantially the recognised guardians *ad litem.*

This might serve as a sufficient answer in a collateral proceeding, where any presumption would be made to support a title. But the question here is presented upon the record itself, for we are now looking at its reversible character, upon a writ of error, which the minors can yet take. And assuming that the presumption might be good upon a writ of error as to the minors under fourteen years of age, it is wholly inapplicable to the case of the minor who was over fourteen when the writ issued. The Act of 1836 recognises no service upon his next of kin. It directs service to be made upon his guardian, and also upon himself. Having no guardian at the time, service was good only upon himself. It is very clear that as to him Mr. Phillips could not appear by authority of his next of kin. His nearest kindred were aliens wholly to the action. He was therefore not in court except by the unauthorized appearance of an attorney. The court really had acquired no valid jurisdiction over him.

[Swain *v.* Fidelity Insurance Co.]

Under these circumstances, to presume that the court appointed a guardian for him, would be to presume what would not cure the error, even if we could make the presumption.  But if the record of the proceedings in partition were before us, how could we presume any such thing in a case where the minor himself never had been regularly subjected to the jurisdiction of the court ?  Under these circumstances we cannot say that the plaintiffs have such a marketable title free from dispute and indefeasible in law, as will warrant specific performance.

> The decree at Nisi Prius is therefore reversed, and the plaintiffs' bill is ordered to be dismissed, and they are directed to pay the costs.