## DELLA A. E. BROWN v. W. DOWNING.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF VENANGO COUNTY.

Argued October 9, 1890—Decided October 27, 1890.

(a) A mechanics' lien was filed against a father and his daughter, the title to the lot being in the name of the daughter, who was an infant. A scire facias thereon was served on the father, but returned as to the daughter "not served, as said person was found to be a minor child of the defendant:"

Statement of Facts.

1. There was a general appearance for both defendants by attorney, but, without having a guardian ad litem appointed for the infant, judgment was entered against both for want of an affidavit of defence. In such case, the judgment entered was void against the daughter.

(b) In ejectment by the infant against the purchaser of the lot under such judgment, the defendant offered to prove that the father had purchased and paid for the lot, had the deed made to his daughter, and, after the deed was of record, contracted for the building claiming the lot as his own:

2. In the absence of an offer to prove that, at the time of the purchase and conveyance, the father was indebted, or that he contemplated a fraud on future creditors, the offer contained nothing to rebut the prima facie case of the plaintiff made by the deed to her, and was properly excluded.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 136 October Term 1890, Sup. Ct.; court below, No. 20 November Term 1888, C. P.

On September 24, 1888, Della Ann Elizabeth Brown, by her next friend, brought ejectment against William Downing for a certain lot in Oil City. Issue.

At the trial on March 6, 1890, it was admitted that the United Petroleum Farms Association was the common source of title. The plaintiff then put in evidence a deed from the said association to her, for the lot in dispute, dated July 5, 1870, recorded on July 18, 1871. The writ and return being shown to prove possession, the plaintiff rested.

The defendant then called William Brown, the father of the plaintiff, and offered to prove by him that before the birth of the plaintiff, he had bargained with the United Petroleum Farms Association for the purchase of the lot in question, paid the purchase money therefor, and after her birth had caused the deed to be made to her, then an infant not more than one year old; that thereafter he claimed the lot as his own, and, without disclosing that the deed was made to his daughter, contracted for the erection of a building on said lot; this to be followed by the record of a mechanics' lien for the erection of said building, a scire facias thereon, judgment, and a sale of the property thereunder to one Charles H. Lay, of Lay & Moore, the plaintiffs in said lien, and a conveyance by said Lay

to the defendant. This offer, fully set out in the opinion of the Supreme Court, on objection made, was refused; exception.[1]

No further testimony being offered, the court, TAYLOR, P. J., instructed the jury to find for the plaintiff.[2]

A verdict was returned by the jury as directed. The plaintiff having died soon after, William Brown and Anna M. Brown, her father and mother and only heirs at law, were substituted as plaintiffs, when judgment was entered and the defendant took this appeal, assigning for error:

1. The refusal of defendant's offer.[1]

2. The instruction to find for the plaintiff.[2]

*Mr. Isaac Ash* (with him *Mr. P. M. Speer* and *Mr. C. Heydrick*), for the appellant.

Counsel cited: Thomson v. Dougherty, 12 S. & R. 448; Campbell's Est., 63 Pa. 284; Coates v. Gerlach, 44 Pa. 43; Fonblanque's Eq., § 12, *a*; 2 Story's Eq. J., § 1374; Mullen v. Wilson, 44 Pa. 413; Larkin v. McMullin, 49 Pa. 33; Weidler v. Farmers' Bank, 11 S. & R. 134.

*Mr. Joshua Douglass* (with him *Mr. J. H. Osmer*), for the appellees.

Counsel cited: (1) Saxton v. Wheaton, 8 Wheat. 219; Shank v. Simpson, 114 Pa. 208; Snyder v. Christ, 39 Pa. 499; Monroe v. Smith, 79 Pa. 459; Greenfield's Est., 14 Pa. 489; Williams v. Davis, 69 Pa. 21; Harlan v. Maglaughlin, 90 Pa. 293. (2) Stewart v. Freeman, 22 Pa. 120; Kinnear v. Gealy, 1 Penny. 284.

OPINION, MR. JUSTICE STERRETT:

This action of ejectment, brought in the name of Della Ann Elizabeth Brown by her next friend, etc., resulted in a verdict in her favor for the lot in controversy. She afterwards died, leaving to survive her, as her next of kin and only heirs at law, her father and mother, William Brown and Ann Maria Brown, who were duly substituted on the record as plaintiffs, and thereupon judgment was entered on the verdict.

It was conceded that, on and prior to July 5, 1870, the legal title to the lot in controversy was vested in the United Petroleum Farms Association, which both parties recognized as a

common source of title. On that day, the association, by its deed duly recorded, etc., conveyed the lot in controversy to the beneficial plaintiff, Della Ann E. Brown, then an infant about one year old. Basing her right of possession on that deed alone, the plaintiff had a clear prima facie title. On the other hand, the defendant, admitting title in the United Petroleum Farms Association prior to its conveyance to the beneficial plaintiff, claimed that under proceedings on a mechanics' lien, filed in 1874 by Lay & Moore against William Brown and Della Ann E. Brown, the property in controversy was sold and conveyed by the sheriff to Charles H. Lay, who, by deed dated August 16, 1884, conveyed the same to the defendant; and, to maintain the issue on his part, he offered to prove the several matters and things recited in the first specification of error, to wit:

" That before the birth of the plaintiff, Della Ann E. Brown, her father, William Brown, bargained with the United Petroleum Farms Association for the purchase of the lot in controversy, and paid the purchase money therefor, and, after the birth of his said daughter, the plaintiff, when she was not more than a year old, directed the deed to be made to her; that he thereafter claimed the lot as his own, and, without disclosing the fact that the deed was made to his infant daughter, he contracted with Mr. Moore for the erection of a building on the said lot; and that, at the date of the execution of said deed, and also of the contract for the erection of said building, he had no other property than the said lot; this to be followed by the record of a mechanics' lien for the erection of said house, and sale of the premises under the said lien, to Charles H. Lay, of the firm of Lay & Moore, and conveyance by him to the defendant, and also by evidence that the said Lay & Moore relied on the representation of William Brown that he owned the lot and were ignorant of the existence of the deed of the plaintiff until after the house had been erected, and after they placed the claim in the hands of their attorney for the purpose of having a lien entered; which attorney, discovering the deed on record, and, supposing that his clients had made a mistake in furnishing him the names of the party against whom the lien was to be entered, without any instructions from him to that effect, added the name of the grantee in the deed as a party to the lien, and were not even

then aware of the fact that that party was an infant; that an appearance was entered for both the defendants in the lien, and judgment was thereafter entered in favor of the plaintiffs against both defendants, and no suggestion was made that said Della Ann E. Brown was a minor until long after the sale of the premises."

This offer was objected to as incompetent and irrelevant, and the objections were sustained. The ruling of the court on the offer constitutes the first specification of error.

It appears by the record of the mechanics' lien, and the scire facias thereon, that the lien was filed against William Brown and Della Ann E. Brown, and that the writ of scire facias was returned " served " on the defendant William Brown, and, as to the other defendant, " not served, as said person was found to be a minor child of defendant." Without having a guardian ad litem appointed for the infant defendant thus returned " not served," or taking any further notice of her, judgment in default of an affidavit of defence was entered in April, 1883, and liquidated at $311.15. That judgment against the infant defendant was wholly unwarranted by anything that appears either in the record or aliunde. The scire facias was not even served on her, because, as the sheriff states in his return, she " was found to be a minor." She was incapable of employing an attorney, and was therefore unaffected by the general appearance, by attorney, for both defendants. It follows that, as to her, the judgment was inoperative and void. It is unnecessary to inquire what would have been the effect, if she had been made a party to the proceeding by the appointment and appearance of a guardian ad litem. That was not done; and, of course, any right she had in the property remained unaffected by the proceedings on the scire facias.

In the absence of fraud, actual or constructive, the plaintiff's father, William Brown, had a right to purchase the lot in controversy, and have it conveyed to her. There is nothing in the record, nor in the evidence that was offered and excluded by the court, tending to show that the transaction was fraudulent, or that the conveyance to her was either void or voidable. It would have availed the defendant nothing to have proved that, after the conveyance to plaintiff, her father claimed the lot as his own, and contracted with Lay & Moore for the erec-

Syllabus.

tion of a building thereon. The deed to her, then on record, was notice to everybody that she, and not her father, was the owner of the lot in controversy. There was no offer to prove that at the time he purchased the lot, or when he procured it to be conveyed to her, he was indebted to any one, or that he contemplated any fraud on future creditors. In short, the offer rejected by the court contains nothing that would have tended to rebut the prima facie case presented by plaintiff's evidence, and hence there was no error in excluding it. It also follows, that there was no error in charging the jury as complained of in the second and last specification.

Judgment affirmed.

