## Manning *v.* Baylinson, Appellant.

*Minors—Next friend—Guardian ad litem—Judgment—Striking off judgment.*

Where a judgment has been entered against a minor for want of an answer, and the record shows that he was a minor when the action was begun, he may, by next friend, take a rule to strike off the judgment and such rule will be made absolute. In such a case the judgment is void, because it was entered against a minor without the appointment of a guardian.

An infant may sue by prochein ami because all the risk he runs is that of being amerced for costs, and these the next friend assumes to pay for him. But as a defendant he incurs the risk of loss of part of his estate, and for that reason he can only appear by some one under the obligation and responsibility of a guardian, general or ad litem.

Argued Oct. 8, 1917. Appeal, No. 209, Oct. T., 1917, by defendant, by his next friend, Lily B. Averett, from order of Municipal Court, Philadelphia Co., Oct. T., 1916, No. 579, discharging rule to strike off judgment in case of Alexander Manning v. Aaron Baylinson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

512, (1917).] Assignment of Error—Opinion of the Court.

Rule to strike off judgment.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to strike off judgment.

*Edgar S. McKaig,* for appellant.—A judgment or decree rendered against an infant or affecting his property or interests without the appointment of a guardian ad litem is erroneous and invalid and may be reversed or set aside: Sliver v. Shelback, 1 Dallas 165; Moore v. McEwan, 5 S. & R. 372; Mercer v. Watson, 1 Watts 330; Swain v. Fidelity Ins., Etc., Co., 54 Pa. 455; Mitchell v. Spaulding, 206 Pa. 220; Brown v. Downing, 137 Pa. 569; Yerkes v. Stetson, 211 Pa. 556.

*Harry Felix,* with him *Bernard A. Illoway,* for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:

This is an appeal by the next friend of a minor from the discharge of a rule to show cause why a judgment entered against him for want of an answer should not be stricken off.

The statement avers that defendant assaulted plaintiff, October 19, 1916. The sheriff's return contained affidavits establishing that defendant was born February 16, 1897. December 30, 1916, judgment was entered against him and subsequently damages were assessed. April 2, 1917, defendant filed, through his next friend, a petition to strike off the judgment. A rule to show cause was granted and made absolute, but subsequently, on petition, was reinstated and discharged without an opinion, April 13, 1917.

The record discloses that defendant was a minor at the time the action was begun. The order appealed from sustains a judgment, which, having been entered without the appointment of a guardian, is void: Swain

v. Fidelity Ins., Etc., Co., 54 Pa. 455. The contention that this appeal should be dismissed because appellant cannot become a party without the appointment of a guardian ad litem, and, therefore, cannot take an appeal, is not tenable. The petition was filed by the minor's next friend, and the appeal was made likewise. Both were affirmative actions and were properly made by the next friend. "An infant may sue by prochein ami, because all the risk he runs is that of being amerced for costs......and (these) costs the next friend assumes to pay for him. But as a defendant he incurs the risk of loss of part of his estate and for that reason he can only appear by someone under the obligations and responsibility of a guardian, general or ad litem": Mitchell v. Spaulding, 206 Pa. 220, 224.

The order of the court below discharging the rule to strike off the judgment is reversed and the record remitted with direction that the rule be reinstated and made absolute.