Camera & Radio Shop *v.* Zalewske, Appellant.

Argued April 29, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*C. W. Sypniewski*, and with him *William L. Jacob*, for appellant.

*Wm. R. Kalson*, and with him *J. E. Kalson*, for appellee.

Opinion by Trexler, P. J., July 8, 1931:

This is an action of replevin. On October 9, 1929, the appellee, The Camera & Radio Shop leased to the defendant, a minor, a radio, the cost of which was to be $314, part payment was made with a victrola valued at $64 and $100 in cash and the balance of $150 was to be paid in monthly installments of $25 each. The matter is before the court upon the pleadings.

The plaintiff issued a writ of replevin for the radio and filed a statement, (to which there was attached a lease providing for payment of the article in installments) alleging that the defendant defaulted in the payments and claiming that the right of possession therefore was in the plaintiff. The affidavit of defense admitted the leasing, but alleged that about November 20th, the defendant cancelled the agreement and that a new arrangement was made in regard to the radio between the father of the defendant and the plaintiff and that the father gave a check on account of the new arrangement and which check was accepted, and

further denies any default; he admits that he has possession of the radio and is willing to deliver it as soon as he gets the return of the consideration already paid by him; that the bargain was the radio should get outside stations and would not buzz continuously; that he is a minor and about the age of seventeen at the time the contract was made. The court took the view that the affidavit was insufficient and entered judgment in favor of the plaintiff.

The court held that the replevin merely raised the question of title and that the allegation of minority would not give the defendant the right to retain possession of the goods delivered to him, but that if false representation were made, he has a proper remedy in an independent action. We think this is not the point in the case. We have here a person who is not sui juris. The subject matter in the suit is a thing, but the rights of the defendant are personal to him; he cannot be the subject of an adverse judgment as a minor unless he had someone to represent him. He can only appear by a general guardian or one ad litem: Mitchell v. Spaulding, 206 Pa. 220; Manning v. Baylinson, 68 Pa. 512; Ohlweiler v. Ohlweiler, 72 Pa. Superior Ct. 518; Kay v. Haupt, 63 Pa. Superior Ct. 16 (the last an action of replevin); Swain v. Ins. Co., 54 Pa. 455.

The money paid by the infant was by virtue of a contract of hiring. He was not bound by it. The chattel was passed and part of the consideration was paid. Whatever form of action is brought, he is entitled to defend the suit with the aid of a guardian. That the infant appeared by attorney does not alter the situation: Moore v. McEwen, 5 S. & R. 373. We deem that this is not a case for a summary judgment.

Plaintiff, in its statement, declares on a contract. Against this claim the defendant pleads minority and disavows the contract. If it drops out of the case, the

parties are relegated to the situation that the defendant has a radio which does not belong to him and that the plaintiff has a victrola taken in exchange of the radio and the cash paid on account. It would seem that the contract failing, the parties should be restored to their original positions. The appellant argues that if the minor would seek to recover the victrola and the cash paid, justice would require that he first tender a return of the radio, and by the same token, the plaintiff should not recover his chattel without putting the defendant in statu quo. These are questions which should be decided by the court after the minor is properly represented. If the case is to proceed, there should be a guardian appointed.

The judgment is reversed.