## Hamilton *v.* Moore, Appellant

Argued May 8, 1939. Before KEPHART, C. J., SCHAF-
FER, DREW, LINN, STERN and BARNES, JJ.

*R. T. Mutzabaugh,* with him *F. M. Nash,* of *Nash & Mutzabaugh,* for appellant.

*Thos. B. Wilson,* with him *J. A. Fitzgibbon,* of *Wilson & Fitzgibbon,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 19, 1939:

Plaintiff, Gladys Hamilton, brought this action in trespass to recover damages for personal injuries suffered by her as a result of being struck by an automobile driven by defendant. At the conclusion of the trial the jury rendered a verdict in favor of the plaintiff in the sum of $6,623.86 and the defendant thereupon filed motions for judgment non obstante veredicto and for a new trial. The motion for judgment n. o. v. was dismissed, but the court directed the plaintiff to remit all in excess of $5,323.86 upon condition that a new trial be granted if she failed to do so. A remittitur was filed and judgment was entered in favor of the plaintiff in the reduced sum. From this judgment defendant appealed.

Following the entry of the judgment, defendant by her father and next friend filed a petition to strike off the judgment on the ground that she was a minor and that no guardian ad litem had been appointed to represent her in the litigation. The court granted a rule to show cause why the judgment should not be stricken off, to which plaintiff filed an answer. From this answer and the stipulation joined in by plaintiff and defendant, it appears that defendant is a minor and that no guardian ad litem had been appointed prior to the entry of judgment. It further appears that the car which defendant was driving at the time of the accident was owned by her father and was being driven with his consent. The father carried liability insurance which protected any person driving his car with his consent.

After suit was instituted by the plaintiff, notice was given to the insurance carrier. Service of process was made upon defendant and thereafter counsel, retained by the Insurance Company, entered an appearance on behalf of the defendant and assumed complete charge of the litigation.

Following the argument on the petition and answer together with the stipulation setting forth the above facts, the court below discharged the rule to show cause and appointed a guardian ad litem. The guardian was directed to make a thorough examination of the litigation, with leave to apply to the court to open the judgment if the interests of the minor required such action. The guardian filed a report setting forth that the minor had been ably represented throughout the litigation and that her interests (as distinct from those of the Insurance Company, which was the real party in interest in the litigation) would be served by permitting the judgment to remain undisturbed. The court below approved this report. Defendant by her father and next friend appealed from the order discharging the rule to show cause and with the consent of this Court, this appeal and the appeal from the judgment against defendant were consolidated.

We may dispose without difficulty of the question whether the judgment is valid, for we are convinced that under the circumstances of this case the defendant cannot now successfully challenge the validity of the judgment rendered against her.* She contends that the judgment is absolutely void and hence should be stricken

---

* This case was decided after the promulgation but prior to the effective date of Rule 2034(d) of the Procedural Rules governing "Minors as Parties." In order that practice in the future may accord with this opinion, Rule 2034(d) with reference to vacating the finding, verdict or judgment, and the entering of an order in the nature of a procedendo, has been amended.

from the record. It is true that when it appears that a minor defendant is not represented by a guardian ad litem, it is the duty of the court to see that the proceedings are held in abeyance until a guardian is appointed, and that ordinarily where no guardian has been appointed a verdict, judgment, or decree will be set aside and a new trial granted: *Silver v. Shelback,* 1 Dall. 165; *Brown v. Downing,* 137 Pa. 569; *Mitchell v. Spaulding,* 206 Pa. 220; *Ohlweiler v. Ohlweiler,* 72 Pa. Superior Ct. 518.

In none of these decisions is it held, however, that a verdict, judgment, or decree against a minor defendant not represented by a guardian ad litem is totally void and incurable. In *Brown v. Downing,* supra, and in *Mitchell v. Spaulding,* supra, the court did decide that the judgments there were void, but in each instance the plaintiff had failed to make proper service on the minor and this fact prevented the court from acquiring jurisdiction. In *Ohlweiler v. Ohlweiler,* supra, the court expressly ruled that a judgment against a minor not represented by a guardian ad litem is voidable only. This view is supported by numerous decisions in other jurisdictions: *King v. Wilson,* 116 Cal. App. 191; *Curtis v. Curtis,* 250 Mich. 105; *Seiden v. Reimer,* 180 N. Y. S. 345; *Thompson's Estate,* 212 Wis. 172.

In the instant case defendant and the attorneys representing her knew that no guardian ad litem had been appointed, but made no effort at trial to call this to the court's attention. There is no indication that either the plaintiff or the court was aware of defendant's infancy. In the cases cited by defendant the court has shown a solicitude for the welfare of those who are regarded in the law as being unable to care for their own well-being, and in those cases the best interests of the minor required that the judgment or decree be set aside. Here the defense presented on defendant's behalf was as ably and effectively conducted as it would have been had a guardian been appointed prior to the trial. No sub-

stantial rights of the minor were denied her; on the contrary the court, upon learning that defendant was not of age, appointed a guardian to make certain that her interests had been protected. The guardian, advised the court that it is to her interest to allow the judgment to stand. In view thereof we are of opinion that the court below properly dismissed the petition to strike off the judgment.

This conclusion finds full support in the decisions of other courts. Thus in *La Bell v. Quasdorf*, 116 N. J. L. 368, it was held that where it appeared that a minor's interests had been fully protected during the course of the litigation, a judgment rendered against a minor defendant would not be set aside even though no guardian ad litem had been appointed prior to the entry of the judgment. The same decision was reached in *Carver v. Donin*, 139 Cal. App. 395; *Trolinger v. Cluff*, 56 Idaho 570; *Watson v. Wrightsman*, 26 Ind. App. 437; *Curtis v. Curtis*, supra; *Adams v. Cook*, 91 Vt. 281.

Passing to the merits of the case, we are convinced that there is no basis for defendant's contention that plaintiff was guilty of contributory negligence as a matter of law. The record, viewed in the light most favorable to plaintiff, reveals the following facts: On the evening of December 20, 1935, during a heavy snowstorm, plaintiff parked her car on the east side of North Bennett Street, in the City of Bradford, facing north, approximately 75 feet to the north of the intersection of North Bennett Street and Interstate Parkway. After looking to see that no car was approaching from the rear she alighted from her car, intending to cross the street to the west side. Before starting across the street she again looked in both directions and saw no car on the highway. As she walked she continued to look for approaching cars. When she was within two or three steps of the westerly side she was struck by the front left fender of defendant's automobile which was coming from the south, and was dragged for a distance of ap-

proximately 20 feet. At this point plaintiff was thrown against the westerly curb, and defendant's car continued another 30 feet before it could be brought to a stop.

Although a pedestrian who crosses a street between intersections must exercise a higher degree of care for his safety than one who crosses at an intersection: *Johnson v. French*, 291 Pa. 437; *Fearn v. City of Philadelphia*, 320 Pa. 156, this does not mean that one who crosses at such a point is negligent as a matter of law: *Anderson v. Wood*, 264 Pa. 98. Here plaintiff looked in both directions before leaving her car, and while crossing the street continued to watch for approaching vehicles. When defendant's automobile struck her, plaintiff had almost reached the opposite curb. Had plaintiff looked just prior to the moment of the impact she might have seen defendant's car in time to escape from its path. But defendant's car did not enter North Bennett Street until after the plaintiff had begun to cross. The distance from the intersection where defendant turned into the street was but 75 feet from where the plaintiff was walking. Assuming that plaintiff was bound to look again to the left, nevertheless whether, under the circumstances, she could have seen defendant's car in time to escape being hit was a question for the jury.

We cannot say as a matter of law that she was bound to anticipate that one coming from the south would be driving along the westerly curb, and hence that she was bound to look again in that direction. When plaintiff was so close to the westerly curb, it was more likely she would be looking to the right to escape being struck by cars approaching from the north. In this respect the present case is ruled by our decision in *Lamont v. Adams Express Co.*, 264 Pa. 17. There the plaintiff, while crossing from the north to the south side of a street, was hit by defendant's truck which was coming from the west. Plaintiff had almost reached the south curb when the accident occurred. In affirming a

judgment for plaintiff we said (p. 21) : "As he [plaintiff] had safely passed the north side of the street and the car track, where westbound traffic would be expected, it cannot be said as a matter of law he was negligent in facing the eastbound traffic that might be looked for on the south side of the street."

The court below therefore properly dismissed defendant's motion for judgment n. o. v. On the return of the record to the lower court it should be amended to read Gladys Hamilton v. Joseph R. Carvolth, Guardian ad litem for Martha Moore, a minor.

Judgment affirmed and order dismissing the petition to strike off the judgment affirmed.