## Vietro v. Ott

*Hogan & Scott*, for plaintiff.

*Daniel F. Joella*, for defendant.

BARTHOLD, P. J., October 3, 1955.—This is a petition to vacate, an adverse verdict and judgment entered against a minor defendant upon the trial of a trespass action at which the minor was not properly represented.

Plaintiff, Roy Vietro, instituted an action against defendant, Russell Ott. The caption of the complaint discloses that defendant is a minor. The return of service states that the complaint was served upon "Russell Ott, a minor, by handing to Melvin Ott, his father, an adult member of the family at Bangor, R. F. D. No. 1, . . . Northampton County, Pennsylvania, a true and attested copy of the . . . complaint . . . and making known to him the contents thereof".

On September 20, 1954, plaintiff's counsel sent a letter to the minor defendant requesting that he apply for the appointment of a guardian to represent him and informing him that if he failed to act on or before September 27, 1954, plaintiff would petition the court to make the appointment. The minor having failed to act, plaintiff, on September 27, 1954, petitioned the court for the appointment of a guardian ad litem. The court granted the prayer of the petition and appointed the minor's father, Melvin R. Ott. On the same day, without notifying Melvin R. Ott of his appointment, plaintiff entered judgment against the minor defendant in default of appearance and answer. On October 19, 1954, a jury was impaneled for the purpose of assessing damages against the minor defendant. Neither the minor nor his father appeared at the trial in person or by counsel. The jury returned a verdict in favor of plaintiff and against the minor defendant in the sum of $1,851. On June 20, 1955,

the minor defendant filed the instant petition to vacate the verdict and judgment.

The basic question raised by the admitted facts is whether the minor's interests were fully protected when the default judgment was entered and the trial to assess damages held.

It is well established law that a minor cannot be the subject of an adverse judgment unless he has someone to represent him. He can only appear by a general guardian or guardian ad litem.[1] When it appears that a minor defendant is not represented by a guardian ad litem, it is the duty of the court to see that the proceedings are held in abeyance until the guardian is appointed, and, ordinarily, where no guardian has been appointed, a verdict, judgment or decree will be set aside and a new trial granted.[2] It is immaterial that a minor defendant not represented by a guardian or guardian ad litem did in fact appear in person,[3] or by an attorney[4] or attempted to appear by a next friend.[5] A judgment against a minor not represented by a guardian ad litem, however, is not totally void but voidable only.[6] The test to be applied in each case is whether it appears that the minor's interests have been fully protected during the course of the litigation.[7]

---

[1] Mitchell v. Spaulding, 206 Pa. 220; Swain v. Fidelity Ins. Co., 54 Pa. 455; Camera & Radio Shop v. Zalewske, 102 Pa. Superior Ct. 562; Ohlweiler v. Ohlweiler, 72 Pa. Superior Ct. 518; Manning v. Baylinson, 68 Pa. Superior Ct. 512.

[2] Mitchell v. Spaulding, 206 Pa. 220, supra; Brown v. Downing, 137 Pa. 569; Silver v. Shelback,. 1 Dal. 165 (Pa.); Ohlweiler v. Ohlweiler, 72 Pa. Superior Ct. 518, supra; Manning v. Baylinson, 68 Pa. Superior Ct. 512, supra; Hulsizer v. Wasserman, 21 North. 10.

[3] Silver v. Shelback, 1 Dal. 165 (Pa.), supra.

[4] Brown v. Downing, 137 Pa. 569, supra; Moore v. McEwen, 5 S. & R. 373.

[5] Swain v. Fidelity Ins. Co., 54 Pa. 455, supra. See, also, Mitchell v. Spaulding, 206 Pa. 220, supra.

[6] Hamilton v. Moore, 335 Pa. 433, 436.

[7] Hamilton v. Moore, 335 Pa. 433, 436, supra.

With this background of precedent in mind, the Supreme Court promulgated rules of civil procedure governing minors as parties. Subdivision (c) of rule 2031 prescribes the form of the petition. Subdivision (d) of rule 2031 provides:

"When the petition is filed by the minor the court may make the appointment ex parte."

Subdivision (e) of rule 2031 provides:

"When the petition is filed by a person other than the minor, the court shall direct a rule to be served upon the minor or upon such other person as the court may designate to show cause why the prayer of the petition should not be granted."

The definite purpose of rule 2031 is to have the minor's rights and interests protected by those who are clearly charged with the duty to do so. Subdivision (e) of rule 2031 contemplates that the court will order service upon the person who shall be most attentive to the interests of the minor. The object of service of a show cause rule upon the minor or such other person as the court may designate is to inform the minor or such other person of the pendency of the petition and to afford an opportunity to the minor or such other person to be heard before the petition is granted. This prevents the appointment of a guardian upon the application of an adverse party without informing the minor or any of his family of the contemplated appointment. It should be noted here that Northampton County Court Rule 284 was likewise designed to prevent an ex parte appointment. It provides, inter alia, that "it shall also appear (in the petition) that notice of the presentation of the petition was given to the minor's father, if living and if not, then to the minor's mother, if living; or, if such notice cannot be given, or if both parents are dead, then to the adult person with whom the minor lives".

In the case at bar the petition was presented by plaintiff, not by the minor. In such case the issuance

of a rule to show cause is a mandatory requirement under subdivision (*e*) of rule 2031. Plaintiff admittedly did not comply with this rule. While a guardian ad litem was appointed for the minor prior to the entry of the default judgment and prior to the trial held for the purpose of assessing damages, the ex parte appointment afforded no protection whatsoever to the minor defendant.

Plaintiff, on September 27, 1954, procured the appointment of the minor's father as guardian without the issuance of the required rule to show cause. On the same day plaintiff, without notifying the father of his appointment, entered judgment against the minor defendant for want of an appearance and answer. Thereafter, plaintiff proceeded to trial for the purpose of assessing damages. Neither the minor nor his father appeared at the trial in person or by counsel. Their absence was understandable in view of the fact that plaintiff had not notified the father of his appointment at any time during the course of the litigation. Obviously, in these circumstances the appointment of the father as guardian was a useless technical gesture and afforded no protection to the minor's interest. In failing to notify the father of his appointment as guardian, plaintiff took undue advantage of the minor defendant by entering the default judgment and proceeding to trial when he knew, or should have known, that he had not given the minor defendant an opportunity to be properly represented in an action which might adversely affect the minor's interest or estate. The appointment not only violated the letter of the law but also its spirit.

Guardians and trustees ad litem are in a special sense representatives of the court, and their function is to represent and protect unrepresented minors. Cf. Kenna Estate, 348 Pa. 214, 219. The court will not act on a matter affecting the minor's estate unless a

guardian is appointed to receive notice for the minor. Cf. In re Komara's Estates, 311 Pa. 135.

In order to avoid a recurrence of the problems presented by the facts of this case, we respectfully suggest that counsel adopt the practice outlined in Goodrich-Amram Procedural Rules Service, sec. 2031(c) — 1, p. 21:

"The petition should . . . allege the willingness of the proposed guardian to act in that capacity. A consent to act as guardian should be signed . . . and annexed to the petition unless the petitioner proposes himself as guardian. . . . A form of an order staying proceedings until final disposition of the petition and a form of order of the court appointing a guardian" should also accompany the petition. The adoption of this suggested procedure and full compliance with subdivision (e) of rule 2031 would effectively eliminate the many problems that are bound to arise where guardians are improperly appointed.

We are firmly of opinion that in the best interests of the minor and in the interests of justice, the verdict and judgment entered against the minor defendant must be vacated and a new trial awarded. It should be noted that the minor defendant cannot obtain a judgment n. o. v. but merely obtains the vacation of the adverse judgment or decree and the entry of an order in the nature of a procedendo. The entry of such order enables the adverse party to continue the original action. Cf. subdivision (d) of rule 2034.

## Order

And now, October 3, 1955, it is ordered, adjudged and decreed, that the default judgment entered against the minor defendant for want of an appearance and answer be and the same is hereby vacated and that the jury verdict in favor of plaintiff and against the minor defendant for $1,851 and the judgment entered thereon, be and the same are hereby vacated and a new trial awarded.