CHAPTER 800. MINORS AND **[INCOMPETENTS]** <u>INCAPACITATED PERSONS</u> AS PARTIES

Rule 801. Definitions.

As used in this chapter:

**(1)** **"**Action" includes a civil action as defined by Rule 301 and an action by a landlord against a tenant for the recovery of possession of real property pursuant to Rule 501.

Official Note
This chapter applies to all actions, civil in nature, within the jurisdiction of a magisterial district judge.

**(2)** "Minor" means an individual under the age of eighteen years.

**(3)** **["Incompetent"]** **"<u>Incapacitated person</u>"** means **[Anyone]** <u>an adult</u> who **[, because of his incompetency,]** has a guardian appointed by a court of competent jurisdiction <u>**pursuant to 20 Pa.C.S. § 5511**</u>.

**(4)** "Guardian", except as otherwise indicated in Rules 808B and 816B, means —

(a)   in the case of a minor, a guardian of the minor appointed by any court of competent jurisdiction or by a probated will, a parent of the minor or, if selected by the minor to represent him as guardian, any adult person.

(b)   in the case of **[incompetents]** <u>incapacitated persons</u>, a guardian or other fiduciary appointed by a court of competent jurisdiction for the <u>**incapacitated**</u> person or <u>**the incapacitated person's**</u> estate **[of an incompetent]**.


Official Note:  The definition of ''minor'' is the same as that set forth in Pa.R.C.P. No. 76 and is in conformity with pertinent statutory provisions. *See*, for example, **[Act of December 6, 1972, P. L. 1404, No. 300, §  1, 11 P.S. § 1901]** § 102 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 102. ''**[Incompetent]** <u>Incapacitated</u> <u>person</u>'' is defined as one who already has a guardian appointed **[because of incompetency]** <u>**pursuant to 20 Pa.C.S. § 5511**</u>, the reason for not adopting the rest of the definition in Pa.R.C.P. No. 2051 being principally that a magisterial district judge should not become involved in appointing guardians ad litem. The definition of ''guardian'' with respect to a minor is necessarily broad in view of the system adopted in Rule 805. The definition of ''guardian'' with respect to an **[incompetent]** <u>incapacitated</u> <u>person</u> follows generally that found in Pa.R.C.P. No. 2051.

Rule 802. Minor May Be Party to Action.

**[Whether or not he is represented by a guardian a minor may be a party to an action]** <u>**A minor is not required to be represented by a guardian in an action**</u> before a magisterial district judge.

Official Note:  Under this rule, a minor need not be represented by a guardian in a civil action before a magisterial district judge. This is a departure from the procedure in other tribunals prescribed by Pa.R.C.P. Nos. 2027 and 2031. This difference in procedure is due in part to the determination that magisterial district judges should not be required or allowed to appoint guardians ad litem, considering the expedition with which civil actions before magisterial district judges are required to be handled under the general rules of civil procedure applicable to magisterial district judges. Since magisterial district judges will not be permitted to appoint guardians ad litem (*see* Rule 819), it would be manifestly unfair to allow a minor plaintiff to bring suit by a ''next friend'' guardian but to require the appointment of a guardian by a court of common pleas before a suit could be brought against a minor defendant. It is considered that ample protection will be afforded the minor party under Rule 805. *See also* the note to Rule 807.

The rules in this chapter are not, of course, intended to change the law governing the basic legal liability of minors.

Rule 803. Entitlement of Complaint.

The complaint in an action before a magisterial district judge to which a minor is a party shall be entitled in the name of the minor, without reference to **[his]** **the party's** minority or any guardian.

   Official Note:  The complaint will be entitled in the name of the minor, whether plaintiff or defendant. If a guardian does represent **[him]** **the minor**, this will be reflected by a notice of intent to represent attached to the complaint form as required by Rule 805B.

Rule 804. Service of the Complaint.

Service of the complaint upon a minor defendant, or of a cross-complaint upon a minor plaintiff, shall be upon the minor in the manner prescribed for service of like process upon an adult party.

Official Note:  *See* **[Pa.R.C.P. No. 2029(a)]** **Rules 307, 308 and 315.**

Rule 805.  Representation of Minor by Guardian.

A. A guardian may represent a minor party by filing with the magisterial district judge before whom the action is pending a written notice stating **[his] the guardian's** name, address, entitlement to act as guardian under Rule 801**[(3)](4)**(a) and **[that he intends] intention** to represent the minor party as guardian. Such a notice shall be filed on a Guardian's Notice of Intent to Represent Minor Party form.

B. Upon receipt of a notice of intent to act as guardian, the magisterial district judge shall note thereon the time and date of its filing and attach it to the record copy of the complaint form.

C. Only one guardian may represent the minor party.  If more than one person files a notice of intent to act as guardian, precedence shall be given in the order indicated in Rule 801**[(3)](4)**(a), and to the one first filing as between those of the same class.


  Official Note:  Subdivision A sets up a system which is intended to preserve expedition in the processing of civil cases before magisterial district judges in which a minor is a party and at the same time afford sufficient protection to the minor. Under this rule, read in connection with the definition of "guardian" in Rule 801**[(3)](4)**(a), guardians appointed by a court or by will and parents can represent the minor with or without **[his] the minor's** consent, but others are subject to **[his] the minor's** selection. Subdivision B requires the notice of intent to be attached to the complaint form, and subdivision C provides for an automatic selection as between competing "guardians". Of course, one who has filed a notice of intent to represent may withdraw, in which event the next guardian in precedence, if any, would represent the minor party.

Rule 806. Guardian to Supervise Action.

When a minor party is represented by a guardian—

(1) The guardian shall supervise and control the conduct of the action in behalf of the minor.

(2) Notices required to be given by the magisterial district judge **[under Rules 318, 319B and 324]** shall, if the party to whom the notice must be given is a minor represented by a guardian, be given to the guardian.

Official Note:  *Compare* Pa.R.C.P. No**[s]**. 2027**[, 2029(b)]**.

Rule 807. Judgment; Costs.

 A. Judgment may be entered for or against the minor party whether or not **[he]** **the minor party** is represented by a guardian.

 B. A judgment entered in the action shall be the obligation of the minor only. A guardian shall not be individually liable for the payment of any judgment entered against the minor or for the costs of the action.


   Official Note: Subdivision A of this rule follows the concept adopted in Rule 802. In view of the right of appeal de novo from judgments rendered by magisterial district judges and the protections that are available under these rules, it was felt that such a judgment against a minor party should not be set aside, even as a discretionary matter, on the ground that the minor was not represented by a guardian. *Compare Hamilton v. Moore*, 335 Pa. 433, 6 A.2d 787 (1939).

   As to subdivision B, *compare* Pa.R.C.P. No. 2038. Requiring a minor plaintiff's guardian to pay costs seemed undesirable and unnecessary with respect to civil actions before magisterial district judges.

Rule 808. Compromise, Settlement, Discontinuance and Payment.

A. If a minor party is represented by a guardian, the guardian may compromise or settle the action on behalf of the minor or may discontinue the action if it was brought by the minor.  A minor party not represented by a guardian may compromise or settle the action or may discontinue the action if it was brought by **[him] the minor**.

 B. The amount of a compromise, settlement or judgment in favor of a minor party shall be paid to the guardian of the estate of the minor qualified to receive the fund if **[he] the minor party** has one or one is to be appointed. If the minor has no such guardian, and none is to be appointed, the amount shall be paid to the guardian of the person or to the natural guardian or to the person or agency by whom the minor is maintained or to the minor.

   Official Note: **[This rule takes a somewhat different approach than the comparable]** *Compare* Pa.R.C.P. No. 2039.  **[In view of the relatively small sums involved in money judgments rendered by magisterial district judges, there seems to be little reason for requiring the magisterial district judge to participate and make decisions in these matters.]**

Rule 809. **[Incompetent]** <u>Incapacitated Person</u> May Be Party To Action.

An **[incompetent]** <u>incapacitated person</u> may be a party to an action before a magisterial district judge if **[he]** <u>the incapacitated person</u> is represented by **[his]** <u>a court appointed</u> guardian.

Official Note: Since an "**[incompetent]** <u>incapacitated person</u>" as defined in Rule 801**[(2)]**<u>(3)</u> is **[a person]** <u>an adult</u> who already has a guardian appointed **[because of incompetency]** <u>pursuant to 20 Pa.C.S. § 5511</u>, this rule requires that **[he]** <u>the incapacitated person</u> be represented by **[his]** <u>a court appointed</u> guardian. See Rule 812A. Under Rule 819, the magisterial district judge cannot appoint a <u>guardian or</u> guardian ad litem.

*See also* Rules 813 and 815 and the notes to those rules.

Rule 810. Entitlement of Complaint.

The complaint in an action before a magisterial district judge to which an **[incompetent] incapacitated person** is a party shall be entitled in the name of the **[incompetent] incapacitated person**, followed by the phrase ''an **[incompetent] incapacitated person**, represented by A, **[his guardian] Guardian**.'' The address of the **[incompetent] incapacitated person** and that of **[his] the** guardian shall be shown on the complaint form.

   Official Note:   Since the rules in this chapter relating to **[incompetents] incapacitated persons** deal with persons who already have **[a]** guardian**s [because of incompetency]**, the complaint is entitled to show that the **[incompetent] incapacitated person**, whether plaintiff or defendant, is represented by **[his] a** guardian. *Compare* Pa.R.C.P. No. 2054.

Rule 811. Service of the Complaint.

Service of the complaint upon a defendant who is an **[incompetent]** <u>**incapacitated person**</u>, or of a cross-complaint upon a plaintiff who is an **[incompetent]** <u>**incapacitated person**</u>, shall be upon **[his]** <u>**the incapacitated person's**</u> guardian. This service shall be made in accordance with Rule**s** 307**<u>, 308 and 315</u>**.

Official Note:  Service is required to be upon the guardian. These rules generally assume the existence of a guardian whose identity is known. *Compare* Pa.R.C.P. No. 421.

Rule 812. Guardian to Represent **[Incompetent]** <u>Incapacitated Person</u> and Supervise Action.

A. The guardian of a party who is an **[incompetent]** <u>incapacitated person</u> shall represent **[him]** <u>the incapacitated person</u> and shall supervise and control the conduct of the action in behalf of the **[incompetent]** <u>incapacitated person</u>.

B. Notices required to be given by the magisterial district judge **[under Rules 318, 319B and 324]** shall, if the party to whom the notice must be given is an **[incompetent]** <u>incapacitated person</u>, be given to the guardian of the **[incompetent]** <u>incapacitated person</u>.

Official Note:  *Compare* Pa.R.C.P. Nos. <u>421</u>, 2053**[(a), 2055(b)]**.

Rule 813. Procedure When **[Incompetent Party]** <u>Incapacitated Person</u> Not Designated as Such.

A. Except as provided in subdivisions B and C of this rule, if during the pendency of the action the magisterial district judge finds that a party not designated in the complaint as an **[incompetent]** <u>incapacitated person</u> represented by **[his]** <u>a</u> guardian is an **[incompetent]** <u>incapacitated person</u>, the magisterial district judge shall dismiss the proceeding without prejudice. Such a finding shall be based on the fact that the party has a guardian appointed **[because of the party's incompetency]** by a court of competent jurisdiction **<u>pursuant to 20 Pa.C.S. § 5511</u>**.

B. If the party as to whom such a finding is made is one of several plaintiffs or defendants, the proceedings shall be dismissed only as to **[him]** <u>the incapacitated person</u>.

C. A complaint filed by a party who is an **[incompetent]** <u>incapacitated person</u> but not designated as such in the complaint may be amended by **[his]** <u>the incapacitated person's</u> guardian, at any time during the pendency of the action before judgment, to state that the party is an **[incompetent]** <u>incapacitated person</u> represented by **[his]** <u>a</u> guardian. A complaint filed against a party who is an **[incompetent]** <u>incapacitated person</u> but not designated as such may be amended to state that the party is an **[incompetent]** <u>incapacitated person</u> represented by **[his]** <u>a</u> guardian only with the written consent of the guardian, which shall be attached to the record copy of the complaint form.

Official Note: With the exceptions stated, subdivision A of this rule requires that the proceedings be dismissed without prejudice when the magisterial district judge finds that a party not designated in the complaint as an **[incompetent]** <u>incapacitated person</u> represented by **[his]** <u>a</u> guardian is actually an **[incompetent]** <u>incapacitated person</u>, that is, one who already has a guardian **[because of incompetency]** <u>appointed pursuant to 20 Pa.C.S. § 5511</u> (*see* Rule 801(**[2]<u>3</u>**)). This rule is intended to take care of a situation in which **[incompetency]** <u>the appointment of a guardian</u> is not disclosed or not known at the time the complaint is filed.

**[The exception in subdivision B is obvious.]** The exception in the first sentence of subdivision C contemplates a case in which the **[incompetent]** <u>incapacitated person</u> files **[his own]** <u>a</u> complaint without disclosing **[his incompetency]** <u>the appointment of a guardian</u> and this fact comes to light during the pendency of the action. This exception will allow the guardian to make what is in effect a ratifying amendment to the complaint, so that the case can go on to judgment. The exception in the second sentence of subdivision C permits an amendment with the written consent of the guardian in actions brought against undesignated **[incompetents]** <u>incapacitated persons</u>, the guardian's consent being required because service will not normally have

13

been made upon **[him]** **<u>the guardian</u>** under these circumstances and to allow reissuance and new service of the complaint, as amended, would be incompatible with the general civil procedure for magisterial district judges. Neither of the amendments provided for in subdivision C need be made in compliance with Rule 316 or Rule 509.

Rule 814. Judgment and Costs.

A judgment entered in the action shall be the obligation of the **[incompetent] incapacitated person** only. A guardian shall not be individually liable for the payment of any judgment entered against the **[incompetent] incapacitated person** or for the costs of the action.

Official Note: *See* Pa.R.C.P. No. 2063.

Rule 815. Judgment—Unrepresented **[Incompetent]** <u>Incapacitated Person</u>.

 A.  Except as provided in subdivision B of this rule, if after judgment the magisterial district judge finds that a party not designated in the complaint as an **[incompetent]** <u>**incapacitated** **person**</u> represented by **[his]** <u>a</u> guardian was an **[incompetent]** <u>**incapacitated person**</u>, the magisterial district judge shall, unless the party's guardian files **[his]** consent in writing to the judgment, vacate the judgment and dismiss the proceedings without prejudice. Such a finding shall be based on the fact that the party had a guardian appointed **[because of the party's incompetency]** <u>**pursuant to 20 Pa.C.S. § 5511**</u> by a court of competent jurisdiction.

 B. A judgment in favor of a defendant shall not be vacated or set aside on the ground that **[he]** <u>**the defendant**</u> was an **[incompetent]** <u>**incapacitated person**</u> not represented by **[his]** <u>a</u> guardian.

   Official Note:  Except as provided in subdivision B, if after judgment the magisterial district judge finds that a party not designated in the complaint as an **[incompetent]** <u>**incapacitated** **party**</u> represented by **[his]** <u>a</u> guardian was an **[incompetent]** <u>**incapacitated person**</u> as defined in Rule 801(**[2]**<u>3</u>), the magisterial district judge must, unless the party's guardian files **[his]** consent in writing to the judgment, vacate the judgment and dismiss the proceedings without prejudice. If the guardian does file **[his]** consent to the judgment, it should be attached to the record copy of the complaint form. It was thought best not to give the magisterial district judge the kind of discretion in this matter inherent in Pa. R.C.P. No. 2056(d) and in *Hamilton v. Moore*, 335 Pa. 433, 6 A.2d 787 (1939).  Of course, if the <u>**incapacitated person**</u> **[party as to whom the finding of incompetency is made]** was one of several plaintiffs or defendants affected by the judgment, the judgment will be vacated, and the proceedings dismissed, only as to **[him]** <u>**the incapacitated person**</u>.

   The exception in subdivision B forbids vacating or setting aside a judgment in favor of a defendant on the ground that **[he]** <u>**a party**</u> was an **[incompetent]** <u>**incapacitated person**</u> not represented by **[his]** <u>a</u> guardian. The reason for this exception is that the rules as to **[incompetents]** <u>**incapacitated persons**</u> as parties are for their protection and not for the protection of adverse parties. The word ''defendant'' as used here includes a plaintiff with respect to a cross-complaint of the defendant but does not include the defendant **[with respect to his]** <u>**who files a**</u> cross-complaint.

Rule 816. Compromise, Settlement, Discontinuance and Payment.

A. The guardian of a party who is an **[incompetent]** **incapacitated person** may compromise or settle the action on behalf of the **[incompetent]** **incapacitated person** or may discontinue the action if it was brought by or on behalf of the **[incompetent]** **incapacitated person**.

B. The amount of a compromise, settlement or judgment in favor of a party who is an **[incompetent]** **incapacitated person** shall, if it is known that **[he]** **the party** is **[incompetent]** **an incapacitated person**, be paid to the guardian of **[his]** **the** estate qualified to receive the fund if **[he]** **the incapacitated person** has one or one is to be appointed. If the **[incompetent]** **incapacitated person** has no such guardian and none is to be appointed, the amount shall be paid to the guardian of the person or to the person or agency by whom the **[incompetent]** **incapacitated person** is maintained.

Official Note:  *Compare* Pa.R.C.P. No. 2064.  *See* the note to Rule 808.

Rule 817. **[Party Both an Incompetent and a Minor.] Rescinded.**

 **[If a party is both an incompetent and a minor, the rules in this chapter relating to incompetents shall apply.]**

   **[Official Note:  See Pa.R.C.P. No. 2052 and its note.]**


   **Rule 817 was rescinded in 2015 because the rule was no longer necessary due to a change to the statutory definition of an incapacitated person.  By definition, an incapacitated person is an adult; thus, Rule 817 is no longer needed.  *See* 20 Pa.C.S. § 5501.**

Rule 818. Representation in Rule 420 and 519.1 Matters.

A guardian of a party in interest who is a minor or an **[incompetent]** **incapacitated person** may represent the minor or **[incompetent]** **incapacitated person** in hearings held under Rule 420 and Rule 519.1. On behalf of the minor or **[incompetent]** **incapacitated person**, **[he]** **the guardian** may make any appeal or file any objection, claim, exception or request mentioned in those rules.

Official Note: This rule allows guardians of minors or **[incompetents]** **incapacitated persons**, as defined in Rule 801(**[3]4**), to represent them in Rule 420 and Rule 519.1 matters and matters preliminary thereto.

Rule 820. Appellate Proceedings.

A guardian of a party who is a minor or an **[incompetent]** **incapacitated person** may initiate in an appropriate court of common pleas an appeal, certiorari proceedings or a statement of objection to Rule 420 and Rule 519.1 orders and determinations.

Official Note: It was thought advisable to include a provision giving guardians of minors and **[incompetents]** **incapacitated persons**, as defined in Rule 801(**[3]4**), the right to initiate appeals, certiorari proceedings and statements of objection to Rule 420 and Rule 519.1 orders and determinations. In doing so, of course, they will have to comply with applicable provisions of the rules governing appellate proceedings. Once the case is in the court of common pleas, however, provisions of the Rules of Civil Procedure relating to guardians ad litem and other procedures will apply.