KALAMAZOO GAZETTE CO. *v.* KALAMAZOO COUNTY CLERK.

RECORDS—MARRIAGE LICENSES—INSPECTION BY PUBLIC.

> The marriage licenses and returns kept in the office of the county clerk pursuant to statute (sections 8604–8611, 3 Comp. Laws) are public records, and as such open to public inspection under Act No. 76, Pub. Acts 1903, and the county clerk has no discretion to withhold them from inspection when, in his opinion, the publication of their contents is undesirable.

Certiorari to Kalamazoo; North, J., presiding. Submitted April 16, 1907. (Calendar No. 22,183.) Decided May 18, 1907.

Mandamus by the Kalamazoo Gazette Company to compel Edwin W. Vosburg, clerk of Kalamazoo county, to allow an examination of certain public records. There was an order granting the writ, and respondent brings certiorari. Affirmed.

*Alfred J. Mills*, for relator.

*Dallas Boudeman*, for respondent.

MONTGOMERY, J. The relator applied to the circuit court for and was granted a mandamus requiring the respondent to permit relator's reporters to examine the records of marriage licenses and returns showing marriages in the respondent's office. The respondent has brought the case before us for review by certiorari.

The controlling question in the case is whether marriage licenses and returns, provided for by the statute (3 Comp. Laws, §§ 8604–8611) are public records open to inspection by those who have occasion to inspect them, or whether the clerk has a discretion to withhold such records from inspection when in his opinion the publication of the con-

tents is undesirable. It must be held that these records are public records. The statute (3 Comp. Laws, § 8612 et seq.) makes provision for withholding from the public information in certain cases where the marriage has been solemnized by the probate judge. This statute, so far as it throws light upon the subject, indicates that the legislative branch of the government understood that the record provided for by the preceding sections was public. Public records (other than court records, as to which see *Schmedding* v. *May*, 85 Mich. 1) are, under Act No. 76, Pub. Acts 1903, open to inspection for any lawful purpose. See *Burton* v. *Tuite*, 78 Mich. 363 (7 L. R. A. 73), and *Day* v. *Button*, 96 Mich. 600.

The order is affirmed.

McAlvay, C. J., and Ostrander, Hooker, and Moore, JJ., concurred.