## Ohlweiler v. Ohlweiler, Appellant.

*Divorce—Age of respondent—Minority—Guardian ad litem— Marriage license—Contradiction of evidence—Admissibility.*

In a divorce proceeding, where the respondent is a minor, the appointment of a guardian ad litem is essential, and in the absence of such appointment, a decree in divorce is voidable.

While marriage license dockets are public records in the sense that they are open to the inspection of the public, the only record which imports verity and cannot be collaterally attacked is the record of the issuance of the marriage license. The same verity does not apply to the evidence, or the answers which induced the clerk to issue the license.

The record, in the technical sense, is conclusive proof of the fact of the issuing of the license, and is evidence that the parties appeared and made answer as therein set forth, but it is not conclusive that the answers as made were exactly correct.

Where a minor has misrepresented her age in the procurement of a marriage license, parol testimony in contradiction of the facts contained therein, is admissible, and such testimony can be taken under a commission to take testimony, directed to a commissioner outside the United States. While letters rogatory may be more efficacious, they are only necessary in countries which will not permit a commission to be executed, or where the witness refuses to testify under the commission.

Argued April 14, 1919. Appeal, No. 14, April T., 1919, by respondent, from decree of C. P. Erie Co., Nov. T., 1915, No. 97, refusing petition to open, vacate and set aside a decree in divorce in the case of Frederick P. Ohlweiler v. Elizabeth J. Ohlweiler. Before ORLADY, P. J.,

518, (1919).] Statement of Facts—Opinion of the Court.
PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Rule to open, vacate and set aside decree in divorce. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.

*Error assigned* was the order of the court.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—A decree in divorce, rendered against an infant without the appointment of a guardian ad litem, is erroneous and voidable: 22 Cyc. 638; Swain v. Fidelity Ins. Co., 54 Pa. 455; Elliot v. Elliot, 5 Binney 1; Sliver v. Shelback, 1 Dallas 165; Moore v. McEwen, 5 S. & R. 372; Mitchell v. Spaulding, 206 Pa. 221; Brown v. Downing, 137 Pa. 569.

The court had power to vacate and set aside the decree in divorce: Rogers v. Rogers, 21 Dist. Rep. 569; King v. King, 28 C. C. R. 313; Boyd's App., 38 Pa. 241; Fidelity Insurance Co.'s App., 93 Pa. 242.

*J. Orin Wait,* and with him *Thomas W. Spofford,* for appellee.

OPINION BY KELLER, J., July 17, 1919:

On June 7, 1915, Frederick P. Ohlweiler obtained a divorce in Erie County, Pennsylvania, from his wife, Elizabeth J. Ohlweiler, on the ground of desertion. The subpœna in divorce had not been served on her and no appearance had been entered for her. The libellant died on January 29, 1916. On July 3, 1916, Elizabeth J. Ohlweiler presented her petition to the Court of Common Pleas of Erie County, setting forth that she was born on August 8, 1895, and was only nineteen years of age when the subpœna in divorce was issued and when the decree

in divorce was granted as above mentioned; that no guardian ad litem or otherwise, had represented or appeared for her, or had been served with process on her behalf, in said action, and that she had no knowledge of the action until long after said divorce had been granted, and praying that said decree in divorce be opened, vacated and set aside. On the rule granted in pursuance of said petition, the testimony of the petitioner's grandfather, William P. Hodgson, was taken on commission issued to Prince Edward Island, Canada, who swore that the petitioner was born in Charlottetown, Prince Edward Island, on August 8, 1895, and that he saw her a few days after her birth. He described the house in which she was born and named her father and mother, both of whom were dead at the time of his deposition.

Dr. James Warburton, a physician of Charlottetown, gave evidence that he attended Mrs. Robert T. Hodgson, the petitioner's mother, and that she was delivered of a female child on August 8, 1895.

The learned judge of the court below refused to consider this evidence because an exemplified copy of the marriage license docket of Niagara County, New York, showed that when application for a marriage license was made by the libellant and respondent on July 3, 1912, the latter had represented herself as being then eighteen years of age and having been born in Boston, Mass., and held that such a public record could not be contradicted by the parol evidence of the grandfather and physician.

In this respect the learned judge misconceived the force and effect to be given the marriage license record.

While marriage license dockets are public records in the sense that they are open to the inspection of the public: Marriage License Docket, 4 Dist. Rep. 162; Kalamazoo Gazette Co. v. Kalamazoo County Clerk, 111 N. W. 1070 (Mich.), the only record in connection therewith which imports verity and cannot be collaterally attacked is the record of the issuance of the marriage license; the same verity does not apply to the evidence or

answers which induced the clerk to issue the license. If Elizabeth J. Ohlweiler was at the time only sixteen years old, the misrepresentation of her age by her or her prospective husband in order to secure the license, would not change her age or prevent the truth from being given in evidence in any legal proceeding, any more than the fact that Frederick P. Ohlweiler, at the same time gave his age as fifty, when he was really sixty-one years old, did not actually make him eleven years younger or prevent him from showing his real age if occasion might require. Such answers might be offered in evidence to contradict the allegations or testimony to the contrary of the party making them, but they are not such records as import verity or require clear, precise and indubitable proof to overcome them. Would it be contended seriously that because a man when applying for a marriage license makes answer under oath that he has never been married, or if married has been divorced, evidence in a judicial proceeding could not be given that his answer was false and that he had a wife living at the time he applied for the license? The record, in the technical sense, is conclusive proof of the fact of the issuing of the license and is evidence that the parties appeared and made answer as therein set forth, but it is not conclusive, or, in common experience, even very weighty, evidence that the answers so made were exactly correct.

Furthermore, even according to the marriage license record, a guardian should have been appointed for the respondent when the subpœna in divorce issued on October 7, 1914. The marriage license record did not give the day, month or year of Elizabeth J. Ohlweiler's birth. It merely set forth that on that day (July 3, 1912) she was eighteen years old. In order to make the respondent twenty-one years old when the subpœna issued and the decree in divorce was granted, the learned judge had to take the day and month of her birth from the testimony of her grandfather and rejecting the year of her birth as testified to by him, annex them to the year of

her birth as calculated from her answer in the marriage license record.

We are not concerned with the merits of the divorce action; the only question now before the court is whether the petitioner was of age or not when the decree in divorce was entered. If she was not, then a legal decree could only be made in the action after a guardian had been appointed and had appeared for her: 14 Cyc. 654; Wood v. Wood, 2 Paige (N. Y.) 108; Moore v. McEwen, 5 S. & R. 373; Mitchell v. Spaulding, 206 Pa. 221; Swain v. Ins. Co., 54 Pa. 455; Mansfield v. Mansfield, 13 Mass. 412; and a decree obtained without such appointment and appearance though on meritorious grounds, is voidable: 22 Cyc. 641; Trickett on Guardians, 91; Elliot v. Elliot, 5 Binney 1; Richards v. Rote, 68 Pa. 248, p. 253; and the decree may be set aside after the libellant's death: Boyd's App., 38 Pa. 241; Fidelity Ins. Co.'s App., 93 Pa. 242. The objection of the appellee to the issuance of a commission to take testimony to a commissioner outside of the United States is without merit. Such a commission may issue to a foreign country: 1 Troubat & Haly's Practice, Sec. 619, Fifth Edition—Brightly; Stein v. Bowman, 13 Peters 209. While letters rogatory may be more efficacious, they are only necessary in countries which will not permit a commission to be executed, or where the witness refuses to testify under the commission: 1 Troubat & Haly, Sec. 626.

The first assignment of error is sustained, the decree is reversed and the record is remitted to the court below that such decree may be entered as on consideration of all the evidence, in the light of this opinion, may seem just and proper. The costs of this appeal to be paid by the appellee.