STATE EX REL. YOUMANS, Petitioner, v. OWENS, Defendant.

*September 16, 1966.*

12

*Lowry, Hunter & Tikalsky* of Waukesha for the petitioner.

*Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha for the defendant.

PER CURIAM. This court has made an *in camera* inspection of the documents sought to be inspected by petitioner. These in the main consist of police reports, statements of police officers and other persons, and transcripts of the interrogation of police officers and other persons in an inquiry conducted by the city attorney of Waukesha on the subject of alleged police brutality.

This *in camera* inspection of these documents satisfies this court that the order of April 28, 1966, which permits inspection of these documents by petitioner is in accordance with the guidelines laid down by this court in its opinion on the first appeal with one exception. This one exception relates to certain questions put to police sergeant Crouse and the answers thereto given by him. These questions and answers do not relate to any conduct on the part of Sergeant Crouse or any other police officer but to a collateral matter having to do with the reputation of a person whose statement appears among the documents to which inspection has been ordered. We determine that to permit this material to be inspected and made public might unduly harm the reputation of this person without any counterbalancing promotion of the public interest.

Accordingly, we have caused these objectionable questions and answers to be taped over so they will not be subject to petitioner's inspection. Because the material we have caused to be taped over is a miniscule portion of the documents sought to be inspected we consider it *de minimis*. This renders moot the issue raised by petitioner's appeal from the order of June 3, 1966.

The order of April 28, 1966, is affirmed with the slight modification hereinbefore noted. The appeal from the order of June 3, 1966, is dismissed. Petitioner will be entitled to tax costs with respect to the appeal from the order of April 28, 1966. No costs shall be taxed with respect to the appeal from the order of June 3, 1966.