BOOTH NEWSPAPERS, INC., *v.* MUSKEGON PROBATE JUDGE

1. RECORDS—PUBLIC RECORDS—INSPECTION—FUNDAMENTAL RULE.

    The fundamental rule is that citizens have the general right of free access to, and public inspection of, public records.

2. SAME—PUBLIC RECORDS—INSPECTION—RESTRICTIONS.

    Restrictions may be placed on the general broad right of access to public records by the legislature, for its own reasons, or by the courts where, in a particular case, the harm to the public interest resulting from disclosure outweighs the public **right.**

3. STATUTES—PROBATE CODE—WORDS AND PHRASES—PERSONS IN- TERESTED.

    The term "person interested", which is used in several different sections of the probate code, was not intended by the legislature to have a uniform meaning throughout the code, but each use must be interpreted by reference to the nature and purpose of the subject matter of the section in which it is used (CL 1948, § 701.1 *et seq.*, as amended).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  45 Am Jur, Records and Recording § 14.
[2]  45 Am Jur, Records and Recording § 16.
[3–5]  45 Am Jur, Records and Recording §§ 17, 18.

4. SAME—PROBATE CODE—RECORDS—INSPECTION—PERSONS INTEREST-
ED.

  Section of probate code providing for keeping of records of the
    probate court and inspection by all persons interested *held,*
    to include newspapers among the class of persons interested
    (CL 1948, § 701.28).

5. RECORDS—PROBATE RECORDS—WILL—INSPECTION—NEWSPAPER.

  A newspaper has a right to inspect the will of a decedent filed
    in the probate court (CL 1948, § 701.28).


Appeal from Muskegon, Engel (Albert J.), J. Sub-
mitted Division 3 October 10, 1963, at Grand Rapids.
(Docket No. 3,147.)   Decided December 23, 1968.
Leave to appeal denied June 17, 1969.   See 382
Mich 762.


Complaint for superintending control by Booth
Newspapers, Inc., a Michigan corporation, against
Robert A. Cavanaugh, Muskegon Probate Judge, to
compel access to a last will and testament.   Order of
superintending control granted.   Defendant appeals.
Affirmed.

*H. Winston Hathaway,* for plaintiff.

*Harold M. Street,* for defendant.

FITZGERALD, J.   Plaintiff newspaper corporation
sent one of its reporters to the probate court of
Muskegon county to look at the last will of a promi-
nent citizen of the community recently deceased.   No
specific reason has been given by plaintiff for its
desire to inspect the will.   Defendant, a probate
judge, denied the reporter permission to do so.   A
complaint for superintending control was filed by
plaintiff and answer followed, the case was submit-
ted on the pleadings and the Muskegon county cir-

cuit court decided in favor of allowing the plaintiff to inspect the will. Appeal followed.

The applicability of the term "persons interested" to plaintiff newspaper is in issue, the term being included in section 28 of the probate code; PA 1939, No 288 (CL 1948, § 701.28 [Stat Ann § 27.3178(28)]) which reads as follows:

"The judge of probate shall have possession of the seal, records, books, files and papers belonging to said court, and shall keep a true and correct record of each order, sentence and decree of the court, and of all other official acts made or done by him, and of all wills proved therein with the probate thereof, of all letters testamentary, and of administration, and of all other things proper to be recorded in said court. Such records, except as otherwise provided by law, *may be inspected without charge by all persons interested.* (Emphasis supplied.)

The fundamental rule in Michigan on the matter before us, first enunciated in the case of *Burton* v. *Tuite* (1889), 78 Mich 363, is that citizens have the general right of free access to, and public inspection of, public records. This is contrary to the English common-law rule which permitted inspection but prohibited private use, by providing no remedy in the absence of a showing of special interest specifically concerning litigation. The oft-cited equity standard of "no right without a remedy."[1] helped to destroy the rule as has the democratic desire to maintain freedom of access of the public to the records made by its government.

The case of *Nowack* v. *Auditor General* (1928), 243 Mich 200 (60 ALR 1351), remains the definitive law of this State and has been employed by other jurisdictions to assist in resolving problems similar to

---

[1] 30 CJS, Equity, § 105.

the present one.[2]  Plaintiff there was the manager and editor of a newspaper which sold news to the people, and he sought to inspect the records of the defendant with the lawful purpose[3] of publishing a true and fair statement of the expenditure of public money.  When his request was denied, he sought remedy by a writ of mandamus through the office of the attorney general, but in his own name, which required that he show a "special interest" not possessed by the citizens generally.  By reason of his position as editor of a newspaper who has been injured in his particular business of dissemination of news, plaintiff was held to possess the "special interest" and was permitted access to the records.

The case of *Borah* v. *White County Bridge Commission* (1952), 199 F2d 213, is cited by both parties to this appeal and merits discussion.  Plaintiff, a taxpayer and a toll payer, sought to inspect the records of the White County Bridge Commission, but was denied access on the grounds that he was not one of the class of "all persons interested" who were permitted to do so by an act of Congress which specifically created the commission as a corporation to carry out a governmental purpose financed, not from taxation, but from services furnished and rendered.  (Act April 12, 1941, 55 Stat 140; 28 USCA § 2201.)  Borah did not possess a "special interest" different than that possessed by the public at large, unlike in the *Nowack Case, supra,* for he did not have "something more than a common concern for obedience to law"[4] such a concern being one which may be directly and materially af-

---

[2] See *MacEwan* v. *Holm* (1961), 226 Or 27 (359 P2d 413); *Matthews* v. *Pyle, Governor* (1952), 75 Ariz 76 (251 P2d 893); Anno., 60 ALR 1356; 76 CJS, Records, §§ 35, 37; *Evening Journal Assn.* v. *MacPhail* (1957), 45 NJ Super 184 (131 A2d 887).

[3] See discussion of this point, *infra.*

[4] *L. Singer and Sons* v. *Union Pacific R. Co.*, 311 US 295 (61 S Ct 254, 85 L Ed 198).

fected by alleged unlawful action. He made no charge of malfeasance or irregularity and so was not a person sufficiently interested to have access.

Defendant attempts to draw an analogy to the *Borah* decision, urging this Court to find that plaintiff also fails to show a "special interest". We can-not agree, and find that the *Borah* court was primarily concerned with not imposing an unreasonable burden of mass inspection upon a quasi-governmental commission, created by Congress and *not* financed by taxation of the general public. A probate court is in no way similar to such a commission for purposes of the issue before us, and such a "burden" does not exist.

The *Nowack* decision has "placed Michigan at the vanguard of those states holding that a citizen's accessibility to public records must be given the broadest possible effect."[5] Restrictions placed on such broad access can be of several types, none of which is applicable here.

First, the legislature, for its own reasons, may specifically define and limit "persons interested" to a certain class, also intending that such definition be uniform throughout the code.[6] It may also foresee certain governmental burdens and so restrict access by providing definitions of "public" as opposed to "private" records.[7] Finally, the courts may determine that the legislature intended to restrict access in cases where harm to the public interest may be said to outweigh the right of members of the public to have access,[8] or where the purpose for which the

---

[5] OAG, 1961–1962, No 3590, pp 581, 587.

[6] See discussion of this point, *infra*.

[7] Generally, see 76 CJS, Records, § 1.

[8] *State, ex rel. Youmans,* v. *Owens* (1965, 1966), 28 Wis 2d 672 (137 NW2d 470, 139 NW2d 241), *second appeal* (1966), 32 Wis 2d 11 (144 NW2d 793), a newspaper was granted right to inspect secret report of city attorney on misconduct of policemen after trial judge had examined report in chambers and covered those parts

information will be used is stated to be unlawful,[9] or where reputations may be harmed,[10] or for pastime, whim or fancy.[11] In such cases, a balancing of the public interest with the right of access must be made. The only harm to the public interest which could occur here would be if we would deny access to the newspaper.

The terms "interested" and "person" appear in different arrangements in the probate code a total of 41 times by defendant's count. By referring to several of the statutes, defendant attempts to replace the terms with the word "newspapers" as evidence that the legislature clearly did not intend such a semantical juxtaposition be made. An example of defendant's theory serves to show the invalidity of his position instead of supporting it, to wit: "If *all persons interested* in the estate shall signify in writing their assent to such sale * * * the notice may be dispensed with." (Section 467 [CL 1948, § 709.7; Stat Ann 1962 Rev § 27.3178(467)]; emphasis supplied.) It is apparent that "newspapers" cannot be substituted here if one makes any reasonable interpretation of the intent of the legislature as expressed. Technical definitions of the terms occur seemingly at random throughout the code and the definition given in one statute obviously is not intended to apply in another in most cases. Compare CL 1948, § 704.31 (Stat Ann 1962 Rev § 27.3178

---

whose disclosure he found would be prejudicial to the public interest; *City and County of San Francisco* v. *Superior Court* (1951), 38 Cal 2d 156 (238 P2d 581), serious handicap to functions of public agencies to reveal confidential information; *State, ex rel. Crummer* v. *Pace* (1935), 121 Fla 871 (164 So 723); see Anno., 102 ALR 756 as to "secrets" of public utility conducted by municipal corporation.

9 *MacEwan, supra.*

10 Wisconsin statutes cited in *State, ex rel. Youmans,* v. *Owens, supra.*

11 *Holcombe* v. *State, ex rel. Chandler* (1941), 240 Ala 590 (200 So 739), citing *Nowack; Payne* v. *Staunton* (1904), 55 W Va 202 (46 SE 927).

[282]) with CL 1948, § 709.6 (Stat Ann 1962 Rev
§ 27.3178 [466]).  Instead, the lower court, and this
Court, believe that every use of the terms must be
reinterpreted for meaning in each statute, where
the meaning does vary and is not uniform.  Ref-
erence should be made to the nature and purpose of
the subject matter, considering the "persons" al-
legedly "interested" while examining any restric-
tions or definitions provided by the legislature in
the particular statute.  If this procedure does not
work, then reference may be made to other relevant
definitions of the terms for assistance.[12]  To apply
this test to the present case, we find that the subject
matter is probate records,[13] the persons interested
are newspapers,[14] and no further relevant definition
or restriction is employed by the legislature.  The
nature of the subject matter and of the persons
interested in the present case are sufficient to dictate
inspection of the records.

The good faith attempt of defendant to carry out
the mandate of the statute charging him with pos-
session of the seal and records as cited, *supra,* is not
questioned.  There may be instances where failure
to deny access to the records might be called a
dereliction of duty on the part of a judge.  This

[12] See general definition of "parties interested" at Rule 18, Sec 2,
Rules of Practice of the Probate Courts of the State of Michigan.
Many "people" are not covered here, and their omission does not
mean that the legislature therefore intends to bar their access in
every situation.

[13] Probate records are judicial records and may become public
records after proceedings are completed and entered.  See *Schmedding*
v. *May* (1891), 85 Mich 1; *Kalamazoo Gazette Co.* v. *Kalamazoo
County Clerk* (1907), 148 Mich 460.

[14] We have seen in *Nowack* that newspapers often have a sufficient
and "special" interest.  The right of newspaper representatives to
inspect public records to acquire material for the business of selling
news is such an interest.  A newspaper, by reason of its relation to
the common interest, acts as the representative of a common or
public right in its dissemination of the news.  (Subject to definite
restrictions by the legislature as previously discussed.)  *Holcombe*
v. *State, ex rel. Chandler, supra; Lee* v. *Beach Pub. Company* (1937),
127 Fla 600 (173 So 440).

case, however, limited to the facts before us, dictates that access should have been granted to plaintiff newspaper corporation.

Affirmed. No costs, a public question being involved.

LESINSKI, C. J., and TEMPLIN, J., concurred.