AETNA CASUALTY & SURETY COMPANY v OAKLAND COUNTY
PROBATE JUDGES

PARENT AND CHILD—PARENTAL RESPONSIBILITY ACT—JUVENILE REC-
ORDS—STATUTES.

Insurance companies who are subrogees of policyholders who
suffered property losses resulting from fires and vandalism
perpetrated by juveniles apprehended by municipal police de-
partments and who are otherwise unable to identify the par-
ents of such juveniles for the purpose of commencing suits
under the parental responsibility act to recover monies for
property losses occasioned by the juveniles have the requisite
statutory "legitimate interest" so as to permit their access to
the records of the juvenile division of the probate court for the
sole purpose of identifying the children and their parents
(MCLA 600.2913, 712A.28).

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 June 7, 1973, at Lansing.
(Docket No. 15854.) Decided September 27, 1973.
Leave to appeal granted, 391 Mich 790.

Complaint by Aetna Casualty & Surety Com-
pany, Continental National American Group, and
Buckeye Union Insurance Company against Nor-
man R. Barnard, Eugene A. Moore, and Donald E.
Adams, Judges of the Probate Court for Oakland
County, Juvenile Division, for declaratory judg-
ment adjudicating their rights under a statute
pertaining to accessibility of juvenile records. Com-
plaint dismissed. Plaintiffs appeal. Reversed.

*Davies, Rudzki & Zeder* (by *Clair R. Carney*), for
plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parent and Child §§ 136, 138.

*Robert P. Allen,* Civil Counsel, and *Robert H. Fredericks, II,* Senior Assistant Civil Counsel, for defendants.

Before: Holbrook, P. J., and Danhof and Adams,* JJ.

Adams, J. This case is a declaratory judgment action[1] in which plaintiffs sought adjudication of their rights under MCLA 712A.28; MSA 27.3178(598.28). Defendants are judges of the Oakland County Probate Court. Oakland County Circuit Court Judge William R. Beasley held that plaintiffs had no rights under the statute. Plaintiffs appeal.

Plaintiff insurance companies are subrogees of policyholders who suffered property losses resulting from fires and vandalism perpetrated by juveniles. In each case, the juveniles who caused the damages were apprehended by municipal police departments in Oakland County.

Plaintiffs wish to institute suit against the parents of the juveniles to recover sums expended for the property losses. The statutory ground for such legal action is found in MCLA 600.2913; MSA 27A.2913, which reads as follows:[2]

"A municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or an incorporated ' or unincorporated religious organization may recover damages in an amount not to exceed $1,500.00 in a civil action in a court of competent jurisdiction against the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] GCR 1963, 521.

[2] Although amended subsequent to the filing of plaintiffs' complaint, the current statute as quoted above is, for purposes of this opinion, equivalent to that existing at the time this action was commenced.

parents or parent of an unemancipated minor, living with his parents or parent, who has maliciously or wilfully destroyed real, personal or mixed property which belongs to the municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or religious organization incorporated or unincorporated or who has maliciously of wilfully caused bodily harm or injury to a person."

Plaintiff insurance companies have been unable to sue because they lack the identities of the juveniles and their parents. Plaintiffs claim to have exhausted all methods of determining the identities of the juveniles. When they petitioned the Juvenile Division of the Oakland County Probate Court to learn the identities of the juveniles, their demand was denied. Plaintiffs claim that the basis for their access to the juvenile division records is to be found in MCLA 712A.28; MSA 27.3178(598.28), which reads as follows:

"The court shall maintain records of all cases brought before it. *Such records shall be open only by order of the court to persons having a legitimate interest.* Whenever the court issues an order in respect to payments by a parent under subdivision (e) of section 18 of this chapter, a copy shall be mailed to the department of revenue. Action taken against parents or adults shall not be released for publicity unless such parents or adults are adjudged guilty of contempt of court. The court shall furnish the state department of social welfare with reports of the administration of the juvenile division in such form as shall be recommended by the Michigan association of probate and juvenile court judges. Copies of such reports shall, upon request, be made available to other state departments by the department of social welfare." (Emphasis added.)

Plaintiffs contend that they qualify as persons with a "legitimate interest" under the above-

quoted statute because of their position as subrogees of their policyholders who suffered the property losses caused by the unidentified juveniles. As subrogees, they stand "in the shoes" of the policyholders.

The opinion of Judge Beasley reads in part as follows:

"Subrogees of persons allegedly damaged by juveniles are *not* persons having a legitimate interest as those words are used in the juvenile code.

"The purpose of the secrecy provisions of the juvenile code is to protect the young, not to afford an investigative tool for insurance companies to attempt to recoup their losses. In the context of the provisions of the juvenile code, plaintiff insurance companies have no interest whatever; they will have to conduct their investigations without aid of juvenile court files." (Emphasis by the court.)

*Are plaintiffs "persons having a legitimate interest" under MCLA 712A.28; MSA 27.3178(598.28) so as to permit their access to the records of the juvenile division of the probate court solely for the purpose of identifying certain juveniles and parents?*

The statute provides that the records of the probate court "shall be open only by order of the court to persons having a legitimate interest". The phrase "persons having a legitimate interest" is not defined in the statute and no definitive explanation appears in Michigan case law.

Plaintiffs cite several cases which uphold the right of citizens to free access and inspection of public records: *Nowack v Auditor General,* 243 Mich 200; 219 NW 749 (1928); *Kalamazoo Gazette Co v Kalamazoo County Clerk,* 148 Mich 460; 111 NW 1070 (1907); *Schmedding v Wayne County Clerk,* 85 Mich 1; 48 NW 201 (1891); *Burton v*

*Tuite,* 78 Mich 363; 44 NW 282 (1889); *Booth Newspapers, Inc v Muskegon Probate Judge,* 15 Mich App 203; 166 NW2d 546 (1968). However, these cases are not in point because, in view of MCLA 712A.28; MSA 27.3178(598.28), juvenile records of the probate court cannot be categorized as "public records".

Plaintiffs further contend that a "balancing test" must be applied to MCLA 600.2913; MSA 27A.2913 and MCLA 712A.28; MSA 27.3178(598.28). Defendants maintain that the statutes should be read in conjunction with MCLA 712A.23; MSA 27.3178(598.23) which provides as follows:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

Defendants maintain that MCLA 712A.23; MSA 27.3178(598.23) expresses one of the central principles of the juvenile court system in Michigan. They point to the language of the Michigan Supreme Court in *People v Smallwood,* 306 Mich 49, 53; 10 NW2d 303, (1943), where the Court discussed a similar statute as follows:

"There is no question but that this salutary statute is for the purpose of protecting a child when it becomes a ward of the State. Its aim is 'to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past.' *State v Guerrero,* 58 Ariz 421; 120 P2d 798 [1942]. It prohibits the use of juvenile court proceedings or evidence obtained therein against a child in any other court to discredit him as one possessing a criminal history. *Malone v State,* 130 Ohio St 443; 200 NE 473 [1936]."

In their brief, defendants say:

"As those purposes are stated in *Smallwood,* to permit appellants access to the probate records would *not* protect juveniles as wards of the State, would *not* shield their errors from public gaze, and would *not* protect juveniles from being discredited in another proceeding in another court."

Defendants also place considerable stress upon the opinion in *People v McFarlin,* 41 Mich App 116; 199 NW2d 684 (1972). This case, along with others, was recently considered by the Michigan Supreme Court in *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). Justice Levin, in an opinion overruling this Court's *McFarlin* decision, commented on the policy of opening up juvenile court records for consideration by a sentencing judge as follows (p 573; 208 NW2d at p 513):

"If the judge is not to be shielded from all knowledge of the offender's juvenile history, we see no sound reason why the official record of his court history alone should be kept from the judge, why the probation officer and the judge should be required to do indirectly—by inquiry of the accused, his acquaintances, friends, family, victims and witnesses of his depredations, and the like—what can be done directly with greater efficiency and accuracy."

The parental responsibility act is directed towards parents, not children. The right to bring an action under the act for malicious destruction of property exists regardless of whether plaintiffs are granted access to the juvenile records. Presumably that right exists against the parent of any child whose acts fall under the purview of the statute. However, to accept the thesis of defendants would be to restrict the provisions of the act to those parents whose children are not under the

supervision of a probate court, while throwing a virtual cloak of immunity around the parents of those children who have been brought before a probate court. In this case, defendants, as a result of their refusal to furnish any information whatsoever, have rendered inaccessible to plaintiffs not only the probate court records, but also all police records and other sources of information within the custody and control of the probate court, with regard to the children under the supervision of that court.

We do not in any way denigrate the tremendous responsibility or mission of the juvenile division of the probate court. However, if the parental responsibility act is to serve the purpose for which it was passed by the Legislature—to provide for some financial responsibility by parents for the depredations of their children—then the request of plaintiffs in this case for the identities of the children responsible for the malicious destruction of property in an amount of $4761.11 in the first case, $13,550.30 in the second case, and $394.40 in the third case, should be granted, as should plaintiffs' request for the names of the parents. To this extent, and to this extent only, they should be granted access to the information in the probate files as "persons having a legitimate interest" under MCLA 712A.28; MSA 27.3178(598.28).

The trial judge is reversed. No costs, a public question being involved.

All concurred.