### AETNA CASUALTY & SURETY COMPANY v OAKLAND COUNTY PROBATE JUDGES

Docket No. 55335. Argued November 7, 1974 (Calendar No. 15).— Decided April 7, 1975.

> Aetna Casualty & Surety Company, Continental National American Group, and Buckeye Union Insurance Company, subrogees of insurance policyholders who had suffered property losses caused by juveniles, first sought access to the records of police departments who had apprehended the juveniles to find out the names of the children and their parents in order to bring actions against the parents. They were denied access by police department officials who believed themselves bound by the juvenile court records. Upon refusal of their request, they brought an action in Oakland Circuit Court against Norman R. Barnard, Eugene A. Moore, and Donald E. Adams, Judges of the Juvenile Division of Oakland County Probate Court, for a declaratory judgment of their rights to access to juvenile records. The circuit court, William R. Beasley, J., determined that the plaintiffs were not "persons having a legitimate interest" within the meaning of the statute governing juvenile court records, and dismissed the complaint. The Court of Appeals, D. E. Holbrook, P. J., and Danhof and Adams, JJ., reversed, holding that plaintiffs did have a legitimate interest so as to permit their access to juvenile court files, but limited such access to identification of the children and their parents. Defendants appeal. *Held:*
>
> The statute limiting access to juvenile court records does not apply to police department records, and plaintiffs are not foreclosed from seeking their remedy by some other means than inspection of juvenile court records. It is unnecessary to decide whether plaintiffs are "persons having a legitimate interest" within the meaning of the statute.
>
> 50 Mich App 31; 212 NW2d 794 (1974) vacated.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 53.

1. RECORDS—POLICE DEPARTMENTS—JUVENILE COURTS—STATUTES.

Police records do not come within the meaning of the statute which provides that juvenile court records shall be open only by order of the court to persons having a legitimate interest (MCLA 712A.28).

2. RECORDS—JUVENILE COURTS—"PERSONS HAVING A LEGITIMATE IN-TEREST"—STATUTES.

Whether plaintiff insurance companies, subrogees of policyholders who suffered property losses allegedly caused by juveniles who were apprehended by municipal police departments, are "persons having a legitimate interest" in juvenile court records to discover the identities of the juveniles and their parents need not be decided where plaintiffs have not demonstrated their inability to pursue their legal remedy after being denied access to police records by officials who mistakenly believed themselves bound by the juvenile court records statute (MCLA 712A.28).

*Davies, Rudzki & Zeder* (by *Clair R. Carney),* for plaintiffs.

*Robert P. Allen,* Oakland County Civil Counsel, and *Robert H. Fredericks, II,* Senior Assistant Civil Counsel, for defendants.

PER CURIAM. Plaintiffs seek a declaratory judgment of their rights under the juvenile court records statute.[1] As subrogees of persons injured by the vandalism of juveniles, they sought and were denied access to police records, police department officials believing themselves bound by the juvenile court records statute.[2] Plaintiffs now claim

---

[1] MCLA 712A.28; MSA 27.3178(598.28):

"The court shall maintain records of all cases brought before it. Such records shall be open only by order of the court to persons having a legitimate interest. * * * "

[2] Southfield Municipal Police Department pled in "Answer to Application and Motion for Mandamus" (later dismissed by stipulation) as follows:

"That Section 27.3178(598.28) of the Michigan Statutes Annotated quoted in plaintiff's application gives the power of disclosure of such records to the Probate Court and not to the defendant herein. That

to be "persons having a legitimate interest" in the court records. We hold that police records are not encompassed within the meaning of the given statute and that plaintiffs have not demonstrated their inability to pursue their legal remedies. There is no need to decide whether plaintiffs are "persons having a legitimate interest" in the court files.

The decisions of the courts below are vacated.

The pertinent facts of the case are not in dispute.

Plaintiff insurance companies are subrogees of policyholders who suffered property losses allegedly caused by juveniles. In each case, juveniles were apprehended by municipal police departments in Oakland County. While attempting to discover the names of the juveniles and their parents, plaintiffs were denied access to the police records. They then requested access to the juvenile court files of those children (unknown to them) who had committed certain described offenses, claiming to be "persons having a legitimate interest" in the children's records. The court denied plaintiffs access to its records. The circuit court affirmed that decision.

The Court of Appeals reversed[3] but limited plaintiffs' access to the court files. Plaintiffs were to see only the identities of the children and their parents.

There is no dispute concerning the statutory right of plaintiffs to sue the parents of children who indulged in vandalism which caused extensive

the determination as to whether plaintiff has a legitimate interest in such records and what portion of the records should be revealed is within the discretion of said Probate Court, and not within the discretion of the defendant."

[3] 50 Mich App 31; 212 NW2d 794 (1973).

damage.[4] Plaintiffs contend that they will be unable to pursue their legal remedies under the "parental responsibility" act and that public policy as enunciated by the Legislature will be abused if they are not allowed access to the juvenile court records. However, the original police records are not in the juvenile court files and defendants correctly make no claim under MCLA 712A.28 that the juvenile court has control over access to those original records in the police department.

Police records do not come within the meaning of the statute cited. Plaintiffs have not demonstrated an inability to pursue their legal remedy. Therefore, we perceive no need to address the question of whether plaintiffs are "persons having a legitimate interest" in juvenile court records.

The decisions of the probate court, circuit court and Court of Appeals are hereby vacated.

T. G. KAVANAGH, C. J., and T. M. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred.

---

[4] MCLA 600.2913; MSA 27A.2913 provides:

"A municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or an incorporated or unincorporated religious organization may recover damages in an amount not to exceed $1,500.00 in a civil action in a court of competent jurisdiction against the parents or parent of an unemancipated minor, living with his parents or parent, who has maliciously or wilfully destroyed real, personal or mixed property which belongs to the municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or religious organization incorporated or unincorporated or who has maliciously or wilfully caused bodily harm or injury to a person."